### CUCCIARRE v. NEW YORK CENT. & H. R. R. CO.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1908.)

No. 1,400.

1. TRIAL—INSTRUCTIONS—CURING ERROR.

In an action for injuries to a passenger, plaintiff claimed damages for alleged deafness, and the court instructed that the burden of proof was on plaintiff to show by a preponderance of the evidence that such condition was the result of the accident, and not of some other cause, and, if the jury were in doubt on that question, plaintiff could not recover any damages on account of such alleged deafness; that the jury could not speculate or guess as to what caused the deafness, but plaintiff must prove by a preponderance of the evidence that it was the direct result of the accident. At the close of the charge, plaintiff's attorney procured an instruction that plaintiff was not required to prove beyond a reasonable doubt that his condition was the direct result of the injury, but it was sufficient if he made such proof by a preponderance of the evidence. *Held* that, while the charge on such subject was erroneous, the error was cured by the instruction given at plaintiff's request.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 703–718.]

2. SAME—OBJECTIONS—WAIVER OF ERROR.

Where, at the close of the charge, plaintiff's counsel only requested a modification of the instructions on the burden of proof, and on this being allowed defendant's counsel asked if he was through, whereupon plaintiff's counsel said "I have nothing more to say," he thereby waived any objection to an instruction on the degree of care required of defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 683.]

3. REMOVAL OF CAUSES—CITIZENSHIP—EVIDENCE—FEDERAL JURISDICTION.

Plaintiff sued defendant, a foreign corporation, in the Illinois state courts, whereupon the cause was removed by defendant to the Circuit Court of the United States on a verified petition alleging that defendant was a citizen of New York and that plaintiff was a citizen of Illinois. No issue was taken on such petition, but at the trial on the merits it was proved incidentally that plaintiff was a minor 15 years of age, that he was born and the family to which he belonged had lived in Sicily until a month prior to the accident, and that the family other than the father, who was then dead, sailed for the United States a month preceding the accident, and were on their way from New York to Chicago when the accident occurred. *Held* that, in the absence of evidence as to where the father died or that the father was not a citizen of Illinois, the evidence was insufficient to establish that plaintiff was not a citizen of Illinois at the time he was injured so as to defeat federal jurisdiction.

4. SAME — PROCEEDINGS AFTER REMOVAL. — OBJECTIONS TO JURISDICTION — WAIVER.
Where defendant, a foreign corporation, when sued by an alleged alien in the Illinois state courts, removed the cause to the federal Circuit Court for the Northern District of Illinois, it thereby waived any objection to the venue and its right to be sued in the federal district of its residence.

In Error to the Circuit Court of the United States, for the Eastern Division of the Northern District of Illinois.

James C. McShane, for plaintiff in error.

Ralph M. Shaw, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. The action in the court below was to recover damages for personal injuries received by the plaintiff in error while a passenger for hire, upon the defendant in error's train, in the state of New York, the train having been derailed by running over a cow at a public road crossing, while running at a high rate of speed—the plaintiff in error's prima facie case being the establishment of these facts. In rebuttal of the prima facie case thus made, the defendant in error showed that at the crossing where the cow was run over, high board fences extended from the outer edge of the railroad right of way to the tracks; that the train approached this crossing from the east at a rate of speed of about forty miles an hour; that on account of a cut through which the train passed, about five hundred feet east of the crossing, and the high board fences, the engineer could not see the cow until he was close upon her; that he saw her first when he was within about two hundred and fifty feet of the crossing—the cow then being within about fifteen feet of the track, and either standing still or approaching the track; that she remained in his vision only about a second; and that it would have been impossible for him to stop the train before reaching the crossing. There was no other evidence bearing upon negligence unless it be that of the track foreman, who testified that the cow probably came on to the highway through a wagon gate opening from a field or orchard into the highway immediately north of the railway tracks—that gate having been seen by him to be open for some days prior to the accident. There was also some question as to whether plaintiff in error's deafness was due to the accident or not.

There are assignments of error relating to jurisdiction, and assignments relating to the merits; the latter being chiefly in the giving of instructions eight, nine and thirteen. These instructions are as follows:

Instruction 8:

"The court instructs the jury, that if you believe, from the evidence in this case, that the plaintiff is now totally deaf, nevertheless if, after carefully considering all the evidence in the case, you are in doubt as to whether or not the total deafness is the result of the accident complained of, or the result of some other illness, or infectious disease, not attributable to the accident, then you are instructed that the plaintiff is not entitled to recover from the defendant, because of any alleged deafness. The burden of proof, as I have stated, is upon the plaintiff to prove by a preponderance of the evidence, that the condition now complained of was the result of the accident, and was not the result of some other cause. If you are in doubt upon this question, you are

instructed, that the plaintiff is not entitled to recover any damages in this cause because of his alleged deafness."

### Instruction 9:

"You are instructed that it is not the province of the jury to speculate, or to guess, as to what caused the present deafness of the plaintiff, if you believe that he is deaf. As I have previously stated to you, the burden is upon the plaintiff to prove by a preponderance of the evidence that the condition complained of was the direct result of the accident. If, after considering all the evidence in this case, you are in doubt as to whether or not the plaintiff's deafness, if you believe he is deaf, was the result of the accident, or was the result of some other cause, then the plaintiff is not entitled to recover any damages because of the said alleged deafness, and you must not speculate or guess upon this subject. Before the plaintiff can recover any damages, for any alleged deafness in this case, as I have stated to you, the burden is upon the plaintiff to prove by a preponderance of the evidence the fact that the alleged deafness is the direct result of the accident in question."

### Instruction 13:

"The court instructs you, that the law did not exact, from the defendant in this case, all the care and diligence which the human mind may possibly conceive, or such as would render the transportation of the plaintiff free from peril. The duty which the defendant, in this case, did owe to the plaintiff has sometimes been stated as being the highest degree of care, but the court instructs you that the phrase 'highest degree of care' does not mean that the defendant was liable, to the plaintiff, for failure to take such precaution as would necessarily insure the plaintiff, Cucciarre, from all possible injury while en route on its train. The phrase 'highest degree of care' is not used by the courts in any such meaning. By the 'highest degree of care,' is meant the highest degree of care which a cautious and prudent man would exercise under like circumstances, or, as it has sometimes been defined, the law merely requires, of the defendant, everything necessary to the security of the passenger, reasonably consistent with the business of the carrier, and the means and conveniences employed. If you find from the evidence that the defendant, in this case, did everything necessary to the security of the plaintiff reasonably consistent with the business of the carrier, and the means and conveniences employed, then you are instructed that the plaintiff is not entitled to recover from the defendant, and you should find the defendant not guilty."

Instruction thirteen, when applied to the facts of the case above stated does not seem to us to be necessarily erroneous. Instructions eight and nine, standing by themselves, are erroneous. But at the conclusion of the charge to the jury, the following colloquy took place—

(Mr. McShane, speaking for plaintiff in error): Just one point, Your Honor, that I think in the instructions read might be misleading. I ask the Court to charge insofar as the question of cause and effect between the injury and his condition, is concerned that the law does not require that the plaintiff prove beyond a reasonable doubt, that his condition is the direct result of the injury, but that it is sufficient if he makes that proof by the preponderance of the evidence, that is correct isn't it?

The Court: That is correct.

Mr. McShane: I don't want any misunderstanding about it.

The Court: That's absolutely correct and I so charge the jury.

(Mr. Shaw, speaking for the defendant in error):

Mr. Shaw: Are you through Mr. McShane?

Mr. McShane: Yes, I have nothing more to say.

We are of the opinion that whatever error may have crept into the instructions, looked at apart from the rest of the case, such error

was cured by the colloquy in the presence of the jury just quoted; for in that colloquy counsel for the plaintiff in error got the court to say directly to the jury, that it was sufficient to establish that plaintiff in error was injured, if such fact was established by a preponderance of evidence. And as to instruction thirteen, if any objection to that were to be taken, or exception noted, it ought to have been done when counsel for defendant in error inquired of counsel for plaintiff in error if he was "through," and received the reply that he had nothing more to say. So much for the assignments of error as to the merits. Now as to the jurisdiction.

The cause was originally brought in the Circuit Court of Cook County, and removed by petition to the Circuit Court of the United States, the petition upon oath stating that the defendant in error was a citizen of the state of New York, and that the plaintiff in error was a citizen of the state of Illinois.

No issue was taken upon these averments of the petition. But at the trial, in the evidence to maintain the issues upon the merits, it incidentally came out that the plaintiff in error was fifteen years of age; that he and his family were born and lived upon the Island of Sicily, until the month preceding the accident, when they (his father being then dead) sailed for the United States, arriving in New York just before the accident; and that they were on their way from New York to Chicago when the accident occurred.

We are not able to say conclusively from this that plaintiff in error was not a citizen of Illinois. There is no evidence tending to show where his father died, or that the father was not a citizen of Illinois, the family being on their way from Italy to join him. The petition states positively that plaintiff in error was a citizen of Illinois, and mere inferences cannot be taken against this positive averment of the petition, especially where no distinct issue relating to the jurisdiction has been raised upon which the parties were given opportunity to submit evidence.

But were it established that the plaintiff in error was an alien, want of jurisdiction of the court below would not be shown. True, the defendant in error, though it could not object to being sued in some federal court by the alien, might object to such suit in the Northern District of Illinois. But it did not so object. On the contrary, it removed the case into that court, thereby waiving its objection to the venue; and the plaintiff in error having filed no motion to remand, the jurisdiction of the court below was complete. Central Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98.

Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, is not in point. In that case Wisner was a citizen of Michigan, and Beardsley, the defendant, a citizen of Louisiana—the cause having been brought in a state court of Missouri and removed into the United States Court for one of the Districts of Missouri—a case in which the plain prohibition of the act of March 3, 1887, c. 373, § 1, 24 Stat. 552 (U. S. Comp. St. 1901, p. 508), was applicable, viz.: That between citizens of different states no civil suit should be brought in any Circuit or District Court in any other District than that whereof.

one of them was an inhabitant. There is no such prohibition relating to suits between aliens and citizens of the different states.

The judgment of the Circuit Court is affirmed.