**PHILIPBAR et al. v. DERBY et al.**
**No. 431.**

Circuit Court of Appeals, Second Circuit.
July 13, 1936.

Samuel Zirn, of New York City, for appellants.

Strange, Myers, Hinds & Wight, of New York City (Frank C. Mebane, Jr., of New York City, and Roger Hinds, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a decree dismissing a shareholders' bill in equity against the Derby Oil & Refining Corporation and six of its nine directors, for lack of jurisdiction over the corporation, an indispensable party; the plaintiffs also assign as error the denial of a motion to remand the suit to the state court. The suit was begun by the service of a summons upon the defendant Derby while he was temporarily within the state on April 23, 1935; no other defendant has ever been served. Before bill filed, Derby petitioned the state court to remove the cause, alleging that neither he nor any of the other five individual defendants were citizens of New York; that the corporation was organized under the laws of the state of New Jersey; and that both the plaintiffs were citizens of New York and residents of Brooklyn. The cause was removed, where-

upon the plaintiffs moved to remand on the ground that the defendant Morgan was a citizen of New York, and that the controversy was not a separable one. The evidence of Morgan's residence in the moving petition was by information from one Bomanji, a very large shareholder in the company, that for ten years before suit had been brought Morgan had been a resident of New York City, except while he had been an official in Washington; that he had not during that time been a citizen of New Hampshire, as the petition for removal had alleged, though he had been there occasionally on vacation during the summer; and that up to March, 1933, he had lived at two given addresses in New York. In reply Morgan filed an affidavit denying that he was a citizen of New York. He swore that in April, 1933, he was appointed an official of the Farm Credit Administration and went to Washington, where he had since then had his home at two addresses which he gave; that in the spring of 1935 he had resigned this position, and become secretary to the Democratic National Committee in Washington; that his wife, whom he married in 1933, owned a part interest in a house in Concord, N. H., where he had spent the summers of 1933, 1934; that in 1934 he had decided to make New Hampshire his residence; that he filed an income tax return in March, 1935, in which he swore that his residence was at 111 Centre street, Concord; that it was his intention to vote in New Hampshire at the next election; that he "had not maintained an abode in New York since July of 1927," though he had stopped at times with his son there; that he had not even "sojourned" in New York State for more than a day during the last two years; and that Bomanji had no information as to his residence for many years, had not seen him for several years, and was in no position to furnish any recent information about him. It was alleged on argument before us, and is repeated in the brief, that the plaintiffs in their brief on the motion to remand asked for a hearing upon the issue of Morgan's citizenship, but nothing of the kind appears in the record. The court held that, as all the defendants were citizens of other states than the plaintiffs, the cause was removable; it being unnecessary to await the filing of the bill.

The plaintiff then filed the bill, which is long and confused, but the upshot of which is to charge the individual directors with misconduct as such, out of which they had made unlawful profits, and through which they had caused loss to the corporation; that, although requested to bring suit in the corporate name because of this misconduct, they had refused to do so; and that as they controlled the corporation, it was impossible for the plaintiffs to obtain any redress except by a shareholders' suit. The prayer was that the defendants account to the corporation for losses incurred by them, and that they repay any profits obtained by their misconduct. The defendant then moved to dismiss the suit because it was impossible to bring in the defendant corporation, which was an indispensable party, without which the suit could not proceed. By affidavit it appeared that it had no place of business in New York and could not be served there. The judge took this view and dismissed the bill.

Although the plaintiffs could not have appealed from the order denying the motion to remand the cause, the jurisdiction of the District Court over the subject-matter underlies every step it takes, and a decree dismissing a bill is open to attack, not only on the merits, but also if the cause be not properly in the district court. Powers v. Chesapeake & Ohio Ry. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673; McAllister v. Chesapeake & Ohio Ry. Co., 243 U.S. 302, 37 S.Ct. 274, 61 L.Ed. 735; Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144; Ex parte Roe, 234 U.S. 70, 73, 34 S.Ct. 722, 58 L.Ed. 1217. The removal was right if Morgan was a citizen of New Hampshire; and that depended upon a question of fact, tried on affidavits. The petition of removal, which alleged in general terms that New Hampshire was his domicile, was verified only by one of Derby's attorneys and counted for nothing as proof; it was no more than an allegation in a pleading, good only until challenged. But the plaintiffs' petition on motion to remand was no better. True, it went into some details about Morgan's whereabouts and his residence, which possibly might have served, if uncontroverted and made by one who knew the facts; but it was the starkest hearsay, and no excuse was suggested why Bomanji, Zirn's informant, should not have sworn to the facts himself. Whatever evidentiary latitude be permissible in affidavits used upon motions, plainly no court

ought to consider hearsay statements unless the informant is not available. Thus the issue stood in substance as upon allegation and denial until Morgan's own affidavit was filed. That was enough, if it was true; and there was no reason to doubt it. Upon an issue like domicile, cross-examination will no doubt often bring out much that does not appear, and as it depends upon intent, which can be come at only obliquely at best, there is force in the argument that it is ordinarily desirable to order a reference. But, unless we go outside the record, the plaintiffs at bar never asked to have it referred.

The denial of the remand was therefore right unless the removal was premature because the process alone had been served, and unless we may consider matter dehors the record. As to the first we can find no decision suggesting that a cause may not be removed before the plaintiff has pleaded, and there is no reason in principle to support such a notion. Dulion v. S. A. Lynch Enterprise Finance Corp., 53 F.(2d) 568, 82 A.L.R. 509 (C.C.A.5). When the removal depends upon the nature of the cause of action, for obvious reasons it is impossible to know what it will be until the plaintiff has pleaded, and he alone can say what the pleading will be. This accounts for those expressions in the opinions on which the plaintiffs here rely. Powers v. Chesapeake & Ohio Ry. Co., supra, 169 U.S. 92, 98, 18 S.Ct. 264, 42 L.Ed. 673; Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 189, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867. But that has nothing to do with the removability of a cause for diversity of citizenship. If all the plaintiffs are citizens of one state and all the defendants citizens of another and the suit involves $3,000, the statutory conditions for removal are fulfilled. That is this situation. The question whether the judge should have referred the issue of Morgan's domicile to a master lay in his discretion. Farmers' B. & T. Co. v. Atchison, T. & S. F. Ry. Co., 25 F.(2d) 23, 28 (C.C.A.8). The plaintiffs moved to remand on their petition alone, without even an intimation that they wished such a hearing; when Morgan filed his answering affidavit they remained equally silent, as in Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann. Cas. 757. It does not appear that even on the return day of the motion they did more; all we know is their present state-

ment that in the brief, submitted presumably after argument, they requested a chance to cross-examine Morgan and to contradict him. Not being part of the transcript certified to us, strictly we cannot consider this at all, any more than if there were a bill of exceptions. Stewart v. Wyoming Cattle Ranche Co., 128 U.S. 383, 390, 9 S.Ct. 101, 32 L.Ed. 439; Evans v. Stettnisch, 149 U.S. 605, 13 S.Ct. 931, 37 L.Ed. 866. But even if we could, we should not be prepared to overrule the discretion of the judge who chose to disregard a request made so late and with such thin support, against the direct testimony of the only person who could know the truth. The denial of a remand was correct.

 The dismissal was also correct. It has been the law for over sixty years that the corporation is an indispensable party in such cases. Davenport v. Dows, 18 Wall. 626, 21 L.Ed. 938; Baltimore & O. R. Co. v. City of Parkersburg, 264 U.S. 35, 38, 45 S.Ct. 382, 69 L.Ed. 834; Watts v. Vanderbilt, 45 F.(2d) 968 (C.C.A.2). The reason is apparent; the decree must protect the directors against any further suit by the corporation; and this will not be true unless it be a party to the suit. Congress recognized this in passing the amendment of April 16, 1936, 49 Stat. 1213, to section 51 of the Judicial Code (28 U.S.C.A. § 112), which would have been quite unnecessary had it been possible to move such suits without joining the corporation. The plaintiffs indeed seize upon this statute, asserting that they may avail themselves of it here on the theory that, being procedural, it is retroactive. Passing that point, it is enough to say that it does not apply to the situation at bar; it allows suit to be brought where the corporation could have brought it and nowhere else. The language is express: "suit * * * may be brought in any district in which suit * * might have been brought by such corporation." The corporation might bring a suit like this, depending on diversity of citizenship, in the district where it resided or where the directors did, and the Eastern District of New York was neither of these in the case at bar. Finally, the plaintiffs assert that Derby may not raise the point that the corporation is beyond the reach of process, because he is alleged to be concerned in its refusal to appear voluntarily, which it could do without disturbing the jurisdiction of the court. This curious ar-

gument misses the reason why the corporation must be made a party at all. A decree in a suit against Derby, based on the theory that he was preventing the corporation from appearing, would bind it as little as though that allegation were absent. If this suit broke down, Derby would be subject to another; if it succeeded, he would also be subject to another to recover more than the amount of any decree herein. In all shareholders' suits the plaintiff must allege that the corporation is in the control of the directors and will not do justice because they prevent it; it would have been possible in every such case to avoid joining it, if this argument were good.

Decree affirmed.