**GOLDSTEIN v. GROESBECK et al.**

District Court, S. D. New York.
Dec. 19, 1941.

420

William Rosenfeld, of New York City, for plaintiff.

Simpson, Thacher & Bartlett, of New York City (Louis Connick and Walter E. Beer, Jr., both of New York City, of counsel), appearing specially for defendants, C. E. Groesbeck and others.

Reid & Priest, of New York City, appearing specially for defendants Florida Power & Light Co. and others.

Reid & Priest, of New York City, and McCune, Caldwell, Downing & Noble, of

Kansas City, Mo. (Russell C. Gay, Ralph M. McDermid and Sherwood E. Silliman, all of New York City, of counsel), appearing specially for defendant, Kansas Gas & Electric Co.

BRIGHT, District Judge.

Plaintiff, a resident of Massachusetts and a stockholder of the defendant American Power & Light Company, organized under the laws of Maine, brings this derivative action to recover judgment against twenty-two individual defendants, present and former directors of that corporation, and nineteen other corporate defendants for alleged violations of section 4(a) (2) and section 13(b) of the Public Utility Holding Company Act of 1935, 49 Stat. 838, 15 U.S.C.A. § 79 et seq.

From the complaint, it appears that the defendant Electric Bond & Share Company is a holding company, incorporated in New York State, holding a substantial portion of the stock of the defendant American Power & Light Company, which was, in turn, a holding company holding a substantial part of the stock of the other sixteen electric or gas utility operating corporations, with the exception of the defendant Ebasco Services Incorporated, which the complaint alleges was caused to be incorporated in New York State by the defendant Electric Bond & Share Company, which owns all of Ebasco's stock and which was organized by Electric Bond & Share to render certain technical and financial service and to give advice and assistance to and to perform construction work for the operating utilities. The complaint demands judgment that the defendants be required to account for payments alleged to have been illegally made to the Ebasco Services Incorporated and another service corporation subsequently merged with it, in violation of the sections of the act mentioned.

The individual defendants S. R. Inch, L. H. Parkhurst and D. W. Jack, residents of New Jersey, and C. E. Groesbeck and E. P. Summerson, residents of the Eastern District of New York, and the corporate defendants Central Arizona Light & Power Company, an Arizona corporation, Florida Power & Light Company, a Florida corporation, Kansas Gas & Electric Company, a West Virginia corporation, and the Minnesota Power Company, a Minnesota corporation, all appear specially and move to

dismiss the action upon the ground that the suit is brought in the wrong district.

The sole allegation of jurisdiction in the complaint is diversity of citizenship. Section 51 of the Judicial Code, 28 U.S.C.A. § 112, defines the jurisdictional limits within which an action may be brought in these words: "§ 112. (Judicial Code, section 51, [amended].) Civil suits; arrests in; district where brought; suits by corporate stockholders * * * where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

 Plaintiff does not reside in this district, nor do any of the moving defendants; nor, in fact, does the defendant American Power & Light Company, of which the plaintiff is a stockholder. Corporations are residents of the state in which they are incorporated and not of any other state, even of one within which they do business. Seaboard Rice Milling Co. v. Chicago, R. I. & P. Ry. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633. Irrespective of the fact that some of the individual defendants reside in this district, those who do not may object to being parties here. Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997.

 Plaintiff argues that the exception applicable in stockholders' actions is ample authority for the maintenance here of this action. That exception, however, allows suit to be brought where the corporation could have brought it and nowhere else. Philipbar v. Derby, 2 Cir., 85 F.2d 27–30. The corporation referred to in the exception is the corporation of which plaintiff is a stockholder, and I cannot see my way clear to read into it any other corporation. Sabre v. United Traction Co., D. C., 225 F. 601–603; Busch v. Riddle Co., D.C., 283 F. 443, 444.

 American Power & Light Company was incorporated under the laws of Maine, and is not, therefore, a resident of this district. Plaintiff, however, argues that each of the operating utilities, of none of which she is a stockholder and none of which reside in this district, has a cause of action against the defendants Electric Bond & Share Company and Ebasco for instigating and receiving improper payments, that because of their or any of their unreasonable failure to assert this cause of action, their parent, the American Power & Light Company, may sue derivatively in their behalf, and the latter's unreasonable failure to bring action entitles plaintiff so to do. While the "double derivative" action has received approval in two cited cases in the New York courts where the jurisdiction is general, as far as I can find, it has not been applied in the federal courts where the jurisdiction is purely statutory and where, we have been for some time and very recently warned, jurisdiction is scrupulously confined and jealously restricted. City of Indianapolis v. Chase National Bank, November 10, 1941, 62 S.Ct. 15, 86 L.Ed. —, opinion by Mr. Justice Frankfurter; Shamrock Oil Corp. v. Sheets, 313 U.S. 100–109, 61 S.Ct. 868, 85 L.Ed. 1214; Central Mexico L. & P. Co. v. Munch, 2 Cir., 116 F.2d 85–87. While the court is importuned by a very persuasive brief to extend its jurisdiction over non-resident defendants, the argument being that judicial "inertia" (the term used in one of the Law Reviews) has interfered with such extension, I cannot but feel that in the face of long and established decisions (which argument, however, recently has in some instances not been a bar), the Congress, of which I am not a member, is the body to whom the argument should be addressed. A fair answer too would seem to be found in Rule 23(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which require in an action of this kind, an allegation "that the plaintiff was a shareholder at the time of the transaction of which he complains." That certainly requires an allegation of stockholding in the corporation for the benefit of whose stockholders the action is brought, which in this instance, by the very wording of the complaint, is the American Power & Light Company. Busch v. Riddle Co., supra.

But aside from this, and notwithstanding rule 8(a) of the Rules of Civil Procedure requiring "a short and plain statement of the grounds upon which the court's jurisdiction depends", that jurisdiction being asserted in the complaint solely on the grounds of diversity of citizenship, plaintiff further contends that jurisdiction of the

causes of action here are provided for by section 25 of the Public Utility Holding Company Act, which, so far as material, provides: "The District Courts of the United States, the Supreme Court of the District of Columbia, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have jurisdiction of violations of this chapter or the rules, regulations, or orders thereunder, and, concurrently with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or the rules, regulations, or orders thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by, or to enjoin any violation of, this chapter or rules, regulations, or orders thereunder, may be brought in any such district or in the district wherein the defendant is an inhabitant or transacts business, and process in such cases may be served in any district of which the defendant is an inhabitant or transacts business or wherever the defendant may be found."

■ The argument is that this action may be brought in any district where a violation occurred or where the defendant is an inhabitant or transacts business. As has been shown, the moving defendants are not inhabitants of nor do any of them transact business in this district. Is this district, then, the district "wherein any act or transaction constituting a violation occurred"? It might fairly be doubted whether the provisions of this section apply to a stockholder's action such as this. The Securities Exchange Commission seems to be the body authorized to enforce it. Certainly there do not appear in the act any express words authorizing others to sue or seek remedies under any of its provisions. Consequently, it might be said that individuals seeking to enforce any liability arising under the act would be relegated to an ordinary action governed by the usual questions of federal law and venue. But passing that point, what act or transaction constituting the violation

claimed under occurred in this district? Certainly none of the moving corporate defendants are alleged to have done anything here, and the affidavit interposed in their behalf is directly to the contrary. And what violations are alleged to have been done by any of the individual moving defendants in this district? It is alleged that the acts claimed were done by use of the mails and other means and instrumentalities of interstate commerce, but where is not stated. The affidavit of William Rosenfeld attempts to supply this deficiency, but is obviously hearsay. Philipbar v. Derby, supra, 85 F.2d at page 29.

It seems plain to me that the motions of the corporate defendants and of the individual defendants Inch, Parkhurst and Jack must be granted.

■ Another question, however, is involved upon the motions of the individual defendants Groesbeck and Summerson, who reside in the Eastern District of New York. Section 52 of the Judicial Code, 28 U.S.C.A. § 113, provides that when a state contains more than one district, and where there are two or more defendants residing in different districts in the state, the suit may be brought in either district. As the defendants Electric Bond & Share Company and Ebasco Services Incorporated are residents of the Southern District, this court has jurisdiction of the person of the two defendants residing in the Eastern District. Sonken-Galamba Corp. v. Atchison, T. & S. F. Ry., D.C., 27 F.Supp. 902, 903; Jones v. Fox Film Corp., 5 Cir., 68 F.2d 116; Goddard v. Mailler, C.C., 80 F. 422.

There are cases in which it is held that to confer jurisdiction, regard must be had to the real rather than to the nominal party; that the party must be indispensable. But I think those cases are distinguishable because in them the action was brought in the district where the nominal or dispensable party resided. Here the action was brought in the district where indispensable parties reside and jurisdiction over proper defendants follows.

The motion of the defendants Groesbeck and Summerson is denied.

Settle order on notice.