## GREENBERG v. GIANNINI et al.
### No. 175.

Circuit Court of Appeals, Second Circuit.

Jan. 31, 1944.

Milton Pollack, of New York City, for appellant.

Samuel B. Stewart, Jr., of New York City, for Giannini.

Charles H. Kelby, of New York City, for Transamerica Corporation.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

On October 1, 1942, the plaintiff filed a complaint in the District Court for the Southern District of New York against both defendants, Giannini and the Transamerica Corporation, alleging that he was a shareholder in the corporation; that it was under the domination and control of Giannini; and that by various devices which it is not necessary to set forth, Giannini and two others had wrongfully misappropriated $1,400,000 of the assets of three other corporations, of all of whose shares the Transamerica Corporation was the owner. The complaint prayed judgment that Giannini account for the moneys so misappropriated, presumably by restoring them to the treasuries of the subsidiary companies, although that was not expressly demanded. This we shall call the "original action." On the next day, October 2, 1942, the plaintiff filed a similar complaint in the Supreme Court of the State of New York, New York County, and in that action he personally served Giannini in New York on the same day. On October 22, Giannini removed the state action to the District Court for the Southern District of New York, and moved to dismiss the "original action," in which he had not yet been served, on the ground that the complaint failed to state a claim against him, and that the action was brought in the wrong district. On November 2, 1942, he made a similar motion in the removed action; and on December 21, 1942, he procured an order consolidating the two actions. On December 23, 1942, the plaintiff served the Transamerica Corporation with a summons and complaint in the consolidated action, by delivering a copy in Wilmington, Delaware, to the secretary of the Corporation Trust Company, which was the resident agent of Transamerica Corporation in that state. On February 1, 1943, the Transamerica Corporation moved to set this service aside on the ground that it was invalid; and all three motions came on to be heard at the same time. The judge

552

granted all: i.e., he set aside the service of the summons upon the Transamerica Corporation, and he dismissed the complaints against Giannini, because that company was an indispensable party. From this judgment the plaintiff appealed.

■ The first question is of the validity of the service upon the Transamerica Corporation; it must be decided as though the two actions had remained unconsolidated, because the order did not merge them—contrary to the apparent assumption of both parties—but was only a convenience, accomplishing no more than to obviate the duplication of papers and the like. Johnson v. Manhattan R. Co., 289 U.S. 479, 496, 497, 53 S.Ct. 721, 77 L.Ed. 1331. The first step in the plaintiff's argument is that § 72, of Title 28 U.S.C.A. controls the removal of an action from a state court, and requires it to be removed into the district court in the district where the action is pending. The next step is that § 83 of Title 28 U.S.C.A. provides that in a removed action service of process may be made in the same manner as though the action had been originally filed in the district court. The last step is that, if the action had been begun in the district court, § 112 of Title 28 U.S.C.A. would have permitted service upon the Transamerica Corporation where it resided or might be found: i.e., the State of Delaware. It is this last step which fails, for, although § 112 of Title 28 provides for service outside the district upon the corporation in behalf of which the shareholder sues, that privilege is limited to the actions therein described, and the removed action was not one of these.

■ Before the amendment to § 112 of Title 28 U.S.C.A., the shareholder could sue in any district in which either he or the offending directors resided, and in which he could serve the directors personally; and so he still can do. It might happen, however, that the injured corporation could not be served in that district, and since, as will appear, it is always an indispensable party, the shareholder's hands were often effectively tied; there was no district where he could sue. It was to meet this difficulty that he was given the privilege of suing, not only where either he or the directors "resided," but also in any district where the corporation could have sued them. That meant the district where the corporation or the directors "resided", and—since without the amendment the shareholder could have sued in the district

where the directors "resided"—in practice it added only the district where the corporation "resided." But it gave the shareholder the privilege of serving the corporation outside the district in an action brought in the district where the directors "resided," and that was a great advantage; it insured him at least one forum where he could always sue, for there was small chance that he could not catch the directors in the district where they "resided."

The plaintiff's argument that this privilege extended also to actions brought where the shareholder resides, is precluded by the language of the amendment itself. The privilege is expressly confined to actions brought in a district in which the corporation could have sued, and the corporation could not sue the directors where the shareholder "resided," unless that was its residence or theirs. The fact that this privilege occurs in a section defining venue, makes no difference; the question remains whether the service is valid in the action in which it is made, no matter what the general purpose of the section which grants the privilege. Congress might have provided that in shareholders' actions the wronged corporation could be sued wherever it was "found" ; but plainly it did not wish to do so; and the reason, though unexpressed, is fairly apparent: i.e., since the shareholder must sue on behalf of the corporation, he should have the choice—in addition to that which he already had—of those forums to which the corporation itself could have resorted. We have already decided the point in Philipbar v. Derby, 2 Cir., 85 F.2d 27.

■ The foregoing being true of the "original action," § 83 of Title 28 U.S.C.A. will not help the plaintiff in the removed action. That section did no more than allow the plaintiff to serve process in a removed action in the "same manner" that he could have served it in the "original action." We assume arguendo that the "manner" of service includes those occasions on which process may be served outside the district; but it cannot include occasions in which that might not be done in the "original action." Since, therefore, the corporation could not have been so served in the "original action" brought where neither it, nor the directors, "resided", § 83 of Title 28 U.S.C.A. does not allow such service upon the corporation in the removed action. It is impossible to divorce the privilege from the actions to which it is limited, and to make the section speak

for all shareholders' removed actions that are brought in the proper district as between the shareholder and the directors. It is true that by the defendant's removal to a district court a plaintiff sometimes gains procedural privileges which he did not have in the state court (Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509), but it would take strong language to convince us that removal gives the plaintiff greater privileges than if he had chosen to sue originally in the district court.

■ The plaintiff further argues that in any event the action in the state court, by removal to the district court, became an action which the Transamerica Corporation could have brought against Giannini, and, as such, one in which that corporation could be served outside the district. The steps of this argument are as follows. By removing the action to the district court Giannini "waived" any defect in venue; the removal was in effect a consent to be sued in that court. The District Court for the Southern District of New York would have had substantive jurisdiction over an action brought by the Transamerica Corporation against Giannini; and, although there would have been a defect in venue, if Giannini had not objected, he would have "waived" it, if the corporation had sued him. By removing the action to the district court he signified such a consent, and thus turned the action into one which the company could have brought against him in that district. Therefore the company could be served outside the district under § 112 of Title 28 U.S.C.A.

This argument is a tissue of confusion. At times courts have indeed spoken as though removal to a federal court "waived" some defect of venue. De Valle Da Costa v. Southern Pacific Co., C.C., 160 F. 216, 218; Cucciarre v. New York Central R. & H. R. Co., 7 Cir., 163 F. 38, 41; Goetz v. Interlake S. S. Co., D. C., 47 F.2d 753, 757; Tennessee Valley Authority v. Tennessee Electric Power Co., 6 Cir., 90 F.2d 885, 888. We infer that this has arisen from the assumption that upon removal those conditions of venue must exist in the district court which are required in an original action. That is, with deference, plainly a mistake; § 72 of Title 28 U.S.C.A. governs the venue of a removed action; § 112 has nothing to do with it. When a defendant removes an action from a state court in which he has been sued, he consents to nothing and "waives" nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no "waiver." It is not in the least relevant that, if the Transamerica Corporation had sued Giannini in the District Court for the Southern District of New York, that court would have had substantive jurisdiction; and that, although there would then have been a defect in venue, Giannini being a citizen of California, he would nevertheless have "waived" it, if he had not objected. Had the amendment to § 112 of Title 28 U.S.C.A. been directed to the substantive jurisdiction of the district court, that would have been a good argument, although in that event it would not have changed the law in application, because shareholders' actions in a federal court must always depend upon diversity of citizenship. But, not only was § 112 before the amendment concerned with venue alone, but so was the amendment itself; and to extend it to include all cases in which a defendant abandons his privilege of insisting upon the prescribed venue, is to eviscerate it altogether.

■ The plaintiff appears also to suggest, perhaps to argue, that, since Transamerica Corporation was the creature of Giannini, and had no independent will, it is to be treated as though it had actually appeared in the action. The plaintiff in Philipbar v. Derby, supra, 85 F.2d 27, made the same argument, basing it on the ground that otherwise delinquent directors had it in their power to block the action. We refused to accede to that argument then, and we refuse to now. If it were sound, the amendment to § 112 of Title 28 U.S.C.A. was unnecessary, for the shareholder in such an action must always allege that the corporation is under the domination of the delinquent directors. That has never dispensed with the necessity of serving it; and Congress very positively confirmed that necessity, when, instead of providing for service outside the district in all such actions, it limited the new privilege to actions which the corporation could have brought. Hence it follows that the judgment was right in setting aside the service in the removed action; and since that conclusion has been based as a premise upon the invalidity of the service in the "original action," it follows that the judgment in both actions was right pro tanto.

■ As for Giannini's motions to dismiss the complaints in both actions, it has been settled law for over a century (Cunningham v. Pell, 5 Paige, N.Y., 607) that the wronged corporation is an indispensable party to a shareholders' action. City of Davenport v. Dows, 18 Wall. 626, 21 L. Ed. 938; Baltimore & Ohio R. Co. v. City of Parkersburg, 268 U.S. 35, 45 S.Ct. 382, 69 L.Ed. 834; Philipbar v. Derby, supra, 85 F.2d 27. Cf. Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 41 S. Ct. 39, 65 L.Ed. 145. It is hornbook law that the claim is the corporation's, and for that reason the delinquent directors will not be protected by any judgment which does not conclude the corporation. If they succeed in defeating the action, other shareholders may bring another; if the recovery is too little, the same thing is possible. Therefore, as soon as the service of process upon the Transamerica Corporation was set aside in the case at bar, it became inevitable that the complaints against Giannini should be dismissed.

Judgment affirmed.