## MOSS v. ATLANTIC COAST LINE R. CO.

District Court, S. D. New York.
April 26, 1946.

Albert Blumenstiel, of New York City, for plaintiff.

Stewart & Shearer, of New York City (James J. Mennis, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

Defendant moves for an order under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, dismissing the complaint herein, upon the following grounds: (1) improper venue, (2) the Circuit Court of Appeals for this Circuit has decided the question of venue adversely to plaintiff and the same is now res judicata, (3) retention by this court of jurisdiction of the suit would constitute an undue burden on interstate commerce.

This present suit has a prior history which it is necessary to relate in order to determine the issues raised at this time: In December, 1944 plaintiff instituted a suit against the defendant in this district for personal injuries alleged to have been sustained while she was a passenger on one of defendant's trains at or near Rennert, North Carolina. The complaint alleged, in substance, *that plaintiff was a citizen of Pennsylvania residing at Pittsburgh and that the defendant was duly licensed to carry on its business in New York and duly designated an agent to ac-* cept service on its behalf. *The complaint further alleged diversity of citizenship and that the matter exceeded $3,000 exclusive of interest and costs.*

On motion of defendant, the complaint was dismissed on the ground of improper venue and upon appeal the dismissal was upheld. Moss v. Atlantic Coast Line Railroad Co., 2 Cir., 149 F.2d 701.

We now come to the complaint in the instant action which was instituted in New York State Supreme Court. The allegations in this complaint and the one heretofore dismissed are identical, except that it omits the matter which I have italicized above.

The defendant removed the action from the state court and brought this motion to dismiss.

It would therefore appear that in the absence of a change in the status of the parties (and none has been shown here) that the issue of venue has been conclusively adjudicated, were it not for the claim by the plaintiff that the removal by the defendant of this action from the state court constitued a "waiver". In other words, it is plaintiff's position that the defendant cannot claim improper venue having voluntarily brought this action from the state court to this court.

The defendant concedes that at one time this contention would have been valid. Lee v. Chesapeake & Ohio R. Co., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443, and General Investment Co. v. Lake Shore R. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244. Defendant points out, however, that since the passage of the Federal Rules of Civil Procedure, both the Supreme Court, as well as our Circuit Court of Appeals have departed from this view. Notably in Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509, where the court indicated that an objection to venue in a removed case seasonably asserted would be proper.

And, in Greenberg v. Giannini et al., 2 Cir., 140 F.2d 550, 152 A.L.R. 966, Judge Learned Hand has expressed himself on this subject most forcefully. In speaking for the court, he said (140 F.2d at page 553): "This argument is a tissue of confusion.

40

At times courts have indeed spoken as though removal to a federal court 'waived' some defect of venue. * * * When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'"

I hold therefore that the removal of the action from the state court to this court did not constitute a waiver of the defendant's right to challenge the venue of this action. I further hold that the prior adjudication by our circuit court that the venue was improper is an effective bar to the suit.

Apart from the question of res judicata, the court feels that the continuation of this suit in this district would result in an undue burden on interstate commerce in view of the fact that neither plaintiff nor defendant resides in this State and the cause of action arose in the State of North Carolina. Furthermore, the defendant is an interstate railroad which has no tracks and does no business other than soliciting traffic in this state. Matter of Baltimore Mail Steamship Co. v. Fawcett et al., 269 N.Y. 379, 199 N.E. 628, 104 A.L.R. 1068, certiorari denied Madsen v. Baltimore, 298 U.S. 675, 56 S.Ct. 939, 80 L.Ed. 1396. The plaintiff should be relegated to a proper district.

The motion is granted.