**PRODUCT COMPONENTS, INC.**

v.

**REGENCY DOOR AND HARDWARE, INC.**

No. IP 82–2253–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Aug. 4, 1983.

Gregory Horn and Gregg M. O'Maley of Bowen, Cecere & O'Maley, Richmond, Ind., for plaintiff.

Sue Figert of Rubin & Levin, Indianapolis, Ind., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

STECKLER, District Judge.

This matter comes before the Court on defendant's motion to dismiss for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). Product Components, Inc. (seller) manufactures virgin high impact polystyrene. Seller is a corporation authorized to do business in Indiana and has its principal place of business in Richmond, Indiana. Regency Door and Hardware, Inc. (buyer) is a Florida corporation with its principal place of business in Miami. In December of 1981 buyer ordered 40,000 pounds of polystyrene from seller for use in the manufacture of doors. According to buyer the polystyrene it received was defective, and it has refused to pay $17,538.54 of the $23,779.54 contract price. Seller's complaint seeks recovery of the outstanding sum.

Seller originally filed its complaint in Wayne County Superior Court, but buyer removed the action to this Court pursuant to 28 U.S.C. § 1441. Subject matter jurisdiction is predicated on diversity of citizenship. 28 U.S.C. § 1332.

In personam jurisdiction over buyer is not conferred on this Court by Indiana's long arm statute. Indiana Rules of Civil Procedure, Trial Rule 4.4. Trial Rule 4.4(A)(1), which provides for jurisdiction over a nonresident who does "any business" in this state, is the only provision conceivably applicable to the present action. The facts preclude its application, however. Seller solicited buyer's order at buyer's place of business in Miami and shipped the goods there. When buyer complained of the defect, seller's president and sales agent travelled to Miami to resolve the problem. There is no indication that any of buyer's employees have ever been to Indiana in an official capacity or that buyer sells its product here. The mere unilateral activity of one who claims some relationship with a nonresident defendant will not subject the nonresident to the jurisdiction of a distant forum. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Buyer has not had sufficient minimum contacts with Indiana to subject it to the courts of this jurisdiction consistent with due process. *See World-Wide Volkswagen Corp. v. Woodsen,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1979); *Kulko v. California Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Notwithstanding the absence of contact by buyer with this state, seller contends that this Court has jurisdiction over buyer by virtue of contractual consent. Following buyer's submission of a purchase order seller mailed buyer an acknowledgment form which contained a forum selection clause:

"Jurisdiction. These Terms and Conditions of Sale and the rights and obligations of the Buyer and Seller herein shall be governed and construed according to the laws of the State of Indiana. The parties agree that all controversies arising hereunder may, at Seller's option, be determined in that State and Buyer hereby expressly consents to the jurisdiction

of Indiana courts and consents that service of process in any action or proceeding hereunder may be made by personal service upon Buyer wherever located or by certified or registered mail directed to Buyer at his last known address."

Seller later mailed an invoice which contained an identical clause. It does not appear that the parties considered selection of a forum apart from these forms. Seller argues that the forum selection provision became part of the sales contract pursuant to § 2–207 of the Uniform Commercial Code. IC 26–1–2–207.

■ It is well settled that when subject matter jurisdiction is present, parties to a contract can agree in advance to the jurisdiction of a given court. *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). The question presented to this Court is whether the forum selection clauses contained in seller's acknowledgment and invoice became part of the parties' contract.

■ The contract involved a transaction in goods and thus falls within the scope of the UCC. *See* IC 26–1–2–102 and 26–1–2–105. Section 2–207 of the UCC addresses the "battle of forms" problem that occurs when an acceptance or confirmatory memorandum contains terms different from or in addition to those previously agreed upon. This section provides that:

(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:

(a) the offer expressly limits acceptance to the terms of the offer;

(b) they materially alter it; or

(c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this act."

The forum selection clause contained in seller's forms is an additional term within the meaning of § 2–207. Because both buyer and seller are merchants as defined in IC 26–1–2–104, the clause becomes part of their contract unless one of the conditions in subsection (2) can be found. Buyer acknowledges that it neither expressly limited acceptance to the terms of its offer nor notified seller of any objection to the clause. Rather, buyer argues that the forum selection clause materially alters the contract and therefore never became a part of it.

The code drafters have not defined material alteration. The official comments provide only examples of typical clauses which would or would not materially alter a contract and an implication that a material alteration is one that results in surprise and hardship. IC 26–1–2–207, comments 4 and 5. This standard is conspicuously vague and leaves to the Court the task of determining whether the fact situation before it is more or less like the examples.

In their memoranda to the Court both buyer and seller present cases dealing with material alteration under § 2–207. Each argues that the cases it has cited are the most closely analogous to the present facts and that those cited by the other are distinguishable and inapposite. Although not cited by either party the court in *General Instrument Corp. v. Tie Manufacturing, Inc.,* 517 F.Supp. 1231 (1981), considered the very question now before this Court. In *General Instrument* a Delaware corporation

with its principal place of business in New York sued a Connecticut corporation, which had its principal place of business in Connecticut, in federal district court in New York. The plaintiff sought payment for goods sold and delivered to defendant. Plaintiff sought to establish in personam jurisdiction over defendant by way of two clauses in a written acknowledgment of defendant's order. These clauses provided:

"Buyer's failure to object to any of these Terms of Sale in writing prior to the commencement of performance by Seller or the acceptance of any of the goods or services described on the front hereof shall be conclusively deemed to be acceptance of all these Terms of Sale. * * Seller's failure to object to terms contained in any communication from Buyer shall not be deemed to be a waiver of these Terms of Sale."

and

"The validity, construction and performance of this contract and the transactions to which it relates shall be governed by the laws of the State in which the chief executive offices of the Seller are located, without regard to conflict of laws principles. All actions, claims or legal proceedings in any way pertaining to this contract or such transactions shall be commenced and maintained in the courts of such State or in a federal court of the United States physically situated in such State, and in no other court or tribunal whatsoever, *and the parties hereto agree to submit themselves to the jurisdiction of such court.*"

517 F.Supp. at 1233 (emphasis in original).

The *General Instrument* court concluded that the choice of forum clause materially altered the contract within the meaning of § 2–207(a) and thus never became part of the parties' agreement. 517 F.Supp. at 1235. The court reasoned that by consenting to jurisdiction in a forum where it could not otherwise be compelled to appear, a party

" 'waives in large part many of his normal rights under the procedural and substantive law of the state, and it would be

unfair to infer such a significant waiver on the basis of anything less than a clear indication of intent.' "

517 F.Supp. at 1235 (quoting *Marlene Industries Corp. v. Carnac Textiles, Inc.,* 45 N.Y.2d 327, 380 N.E.2d 239, 408 N.Y.S.2d 410 (1978)).

This Court likewise concludes that selection of a distant forum with which a party has no contacts, while enforceable if contained in an agreement freely and consciously entered into, can result in surprise and hardship if permitted to become effective by way of confirmation forms that unfortunately are all too often never read. Subtle differences in courts, jurors and law among the states and considerations of litigation expense are factors the Court believes most merchants would consider important. *See General Instrument, supra,* 517 F.Supp. at 1235. The Court concludes that the forum selection clauses contained in seller's acknowledgment form and invoice materially altered the parties' contract. As a result buyer never consented by way of contract to jurisdiction in this state.

■ Seller also contends that the Court can infer buyer's consent to jurisdiction from a prior transaction between the parties. Seller notes that approximately one month prior to the facts which gave rise to the present lawsuit buyer placed a similar order with seller. In acknowledgment of that order seller mailed buyer a form containing a forum selection clause identical to the one presently at issue. In the prior transaction, however, buyer's president signed an acknowledgment receipt, supplied by seller, which read:

"This acknowledgment has been checked for accuracy and is approved for production according to the terms and conditions of sale as stated on this copy and its attachments."

The Court rejects seller's reasoning that buyer's acknowledgment in the prior transaction can be used to determine the nature of their December 1981 contract under the course of performance provision of the UCC. IC 26–1–2–208. The two transactions were undertaken pursuant to indepen-

dent agreements and were not repeated occasions for performance under one contract as required by § 2–208(1). Nevertheless the prior transaction is relevant to an understanding of the parties' understanding of the terms of the present contract under the course of dealing provision. *See* § 1–205 and comment 2. Section 1–205 is incorporated by reference into § 1–201(3) which provides that the parties' agreement can be found in their bargain "in fact as found in their language or by implication from other circumstances including course of dealing or usage of trade or course of performance as provided in this act (sections [26–1–]1–205 and [26–1–]2–208)."

A prior course of dealing may be used to "give particular meaning to and supplement or qualify terms of an agreement." § 1–205(3). To serve this end, however, the course of dealing must fairly "be regarded as establishing a common basis of understanding for interpreting [the parties'] expressions and other conduct." § 1–205(1). This Court does not consider a single incident of buyer's president signing an acknowledgment receipt to be a sufficient basis for inferring a common understanding that the same terms would apply to the December transaction, which did not involve such a receipt. Cases which have found a given provision to be part of parties' agreement based on prior course of dealing have required exclusive or numerous instances of particular conduct. *See Baumgold Brothers, Inc. v. Allan M. Fox Co., East,* 375 F.Supp. 807 (N.D.Ohio 1973); *Oskey Gasoline & Oil Co. v. OKC Refining, Inc.,* 364 F.Supp. 1137 (D.Minn.1973). Neither is present here.

Finally, seller argues that buyer has submitted to the jurisdiction of this Court by entering an appearance and by petitioning for removal of the action from state to federal court. With the abolition of special appearances a party does not waive the defenses available to him by entering a general appearance in an action. He may now appear and then raise his defenses either by way of responsive pleading or motion. *Wright v. Yackley,* 459 F.2d

287 (9th Cir.1972); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1344. Nor does removal of an action from state to federal court result in a waiver of the defense of lack of personal jurisdiction. In *Greenberg v. Giannini,* 140 F.2d 550, 553 (2d Cir.1944), Judge Learned Hand wrote:

> "When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'"

Upon removal a defendant may assert any defense that would have been available to him in state court and which has not been lost through the operation of either Fed.R. Civ.P. 12(g) or (h). 5 C. Wright & A. Miller, *supra,* at § 1395.

By reason of the foregoing the Court concludes that it is without jurisdiction over buyer and its motion to dismiss is GRANTED.

IT IS SO ORDERED.