**ISLAND BLOCK CORPORATION, Plaintiff**

v.

**PARADISE HOTEL CORP., GOVERNMENT OF THE VIRGIN ISLANDS, V.I. (BUREAU OF INTERNAL REVENUE, DEPARTMENT OF FINANCE), ALUMINUM PRODUCTS, INC., UNITED STATES OF AMERICA, Defendants**

Civil No. 75-1983

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 27, 1984

BRENDA J. HOLLER, ESQ., St. Thomas, V.I., *for plaintiff*

JEWEL L. COOPER, ESQ. (PALLME & MITCHELL), St. Thomas, V.I., *for defendant Paradise Hotel Corp.*

DANIEL A. ISAACSON, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for V.I. Bureau of Internal Revenue, Dept. of Finance*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This matter is before the Court on (1) motions of defendants Paradise Hotel Corporation and Government of the Virgin Islands to strike the amended complaint herein pending entry of an order of this Court granting plaintiff leave to amend, (2) motion of plaintiff Island Block Corporation for entry of the default of defendants Paradise Hotel Corporation and Government of the Virgin Islands, and (3) what we construe as motion of defendant Paradise Hotel Corporation, as third-party plaintiff, for leave to bring in James K. Lynch Design Associates, Inc., as third-party defendant.

Defendants contend that as certain matters raised by the original complaint were put in issue by the responsive pleadings of parties to actions subsequently consolidated with this action, plaintiff required leave of this Court to amend its complaint despite the failure of defendants to respond to said complaint. We disagree.

 It is well settled that "consolidation does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97 (1934). Accord Alfred Dunhill of London, Inc. v. Cuba, 425 U.S. 682, 735 (1976) (Marshall, J., dissenting); Garber v. Randall, 477 F.2d 711, 715–16 (2d Cir. 1973); Greenberg v. Giannini, 140 F.2d 550, 552 (2d Cir. 1944) (per L. Hand, C.J.). It is thus abundantly clear that a responsive pleading in a distinct but consolidated action, filed by an absent, or present, party does not constitute a response to the complaint in the instant action. As "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served," Fed. R.

Civ. P. 15(a), plaintiff was not required to have leave of this Court to amend its complaint. The motions of defendants Paradise and government to strike the amended complaint pending the Court's grant of leave to amend will be denied.

■ Defendants Paradise and Government have, by now, answered the amended complaint. Plaintiff's motion for entry of default will be denied.

■ Defendant Paradise has submitted a third-party summons, properly modeled after Fed. R. Civ. P. Form 22-A, and a proposed third-party complaint. We construe these documents as implying a motion to bring in a third-party defendant, which motion will be granted.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motions of defendants Paradise Hotel Corporation and Government of the Virgin Islands to strike the Amended complaint herein pending entry of an order of this Court granting plaintiff leave to amend be, and the same are, hereby DENIED;

IT IS FURTHER ORDERED that the motion of plaintiff Island Block Corporation for entry of default against defendants Paradise and Government be, and the same is, hereby DENIED; and

IT IS FURTHER ORDERED that the motion of defendant Paradise to bring in James K. Lynch Design Associates as a third-party defendant be, and the same is, hereby GRANTED, and defendant Paradise shall immediately serve third-party defendant James K. Lynch Design Associates with the Amended Complaint herein, as well as the Third-Party Complaint.