**PHILIPBAR et al. v. DERBY et al.**
No. 7657—27.

District Court, E. D. New York.
July 29, 1935.

Samuel Zirn, of New York City (Adolph Feldblum, of New York City, of counsel), for plaintiffs.

Strange, Myers, Hinds & Wight, of New York City (Roger Hinds and George E. Walton, both of New York City, of counsel), for defendant Arch L. Derby.

GALSTON, District Judge.

Two motions are made in this matter, both of which will be disposed of in this opinion.

The plaintiffs seek to have the cause remanded to the New York Supreme Court, and the defendants move to dismiss the suit.

A transcript of the record in the removal proceeding discloses that the petition was filed on behalf of Arch L. Derby, the only defendant served.

It therein appears that he is a resident and citizen of the state of Kansas; that Claiborne, Jett, Moriarity, and Yankey are also residents and citizens of Kansas; and that Morgan is a resident of the state of New Hampshire. The corporate defendant was organized under the laws of New Jersey.

The plaintiffs are citizens of the state of New York and reside in the Eastern District of New York. It is therefore alleged that controversy is wholly between citizens of different states; that it is of a wholly civil nature; and that the amount in dispute exceeds the sum of $3,000. Moreover, it appears from the petition that the suit is a representative stockholders' suit for an accounting by the defendants as alleged officers or directors or both of the corporate defendant. The summons was served on Derby on April 23, 1935. No complaint has been filed and no further proceedings were taken by the plaintiff. Neither the petitioner nor any of the other named defendants appears in the action.

The remand is sought on various grounds. It is urged that the petition was

unauthorized because it does not appear that the other defendants named joined therein; that it was premature because the complaint had not been served; that there does not exist a total diversity of citizenship.

■ It would seem self-evident that only the person who has been served has a status in the cause. To contend that every one named as a defendant and who has not been served can block or interfere with the efforts of those who have been served, to move timely, is not convincing, and I am furnished with no authority in support of the proposition. Judge Lacombe said in Bowles v. H. J. Heinz Co. et al. (C. C.) 188 F. 937, 938, that a plaintiff, in such circumstances, "could neglect to serve one of them until the time for removal by the one served had elapsed. Then he might serve the other and resist removal by him on the ground that the one first served did not join in application to remove, which, of course, he could not do since his right to make such application was barred by lapse of time."

■ Nor does it appear that because the complaint had not been served, the petition for removal was prematurely filed. The summons was served on the petitioner on April 23, 1935, and up to June 4, 1935, when the transcript of record was filed in this court, no complaint had been filed. U. S. Code, title 28, § 72 (28 USCA § 72), in part provides: "Whenever any party entitled to remove any suit mentioned in section 71 * * * may desire to remove such suit from a State court * * * he may make and file a petition * * * in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court * * * to answer or plead to the declaration or complaint of the plaintiff."

Certainly the foregoing section does not recite that the filing of the complaint is a necessary condition precedent. The further inquiry, of course, is as to whether the suit is one mentioned in section 71 of the title (28 USCA § 71). That section contains the following provisions: "Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit. * * *"

■ Though neither of these sections makes it necessary that the complaint be filed or served before the petition for removal is filed, it must appear from the transcript of the record filed in this court that complete diversity of citizenship exists. That is the showing made in the petition herein.

■ Of course, if the case sought to be removed is one arising under the Constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim, the case cannot be removed; but where the removal depends upon the diversity of citizenship of the parties, it is not necessary that that fact appear from the complaint. In Chappell v. Waterworth, 155 U. S. 102, 15 S. Ct. 34, 36, 39 L. Ed. 85, it is said: "The question of removal is governed by the decision of this court at the last term in Tennessee v. Union & P. Bank, 152 U. S. 454, 14 S. Ct. 654 [38 L. Ed. 511], by which, upon full consideration, it was adjudged that under the acts of March 3, 1887, c. 373 (24 Stat. at L. 552), and August 13, 1888, c. 866 (25 Stat. at L. 433), a case (not depending on the citizenship of the parties, nor otherwise specially provided for) cannot be removed from a state court into the circuit court of the United States, as one arising under the constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and that, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings."

The plain inference from the above quotation is that the general rule does not apply to the specific case, which depends upon the citizenship of the parties.

The foregoing case was considered in Walker v. Collins, 167 U. S. 57, 17 S. Ct. 738, 42 L. Ed. 76, and the following comment was made: "That was an action of ejectment brought in a state court, both plaintiff and defendant being residents of the same state; the declaration merely describing the land, and alleging an ouster of the plaintiff by the defendant. The cause was removed into a circuit court of the United States upon the petition of the de-

fendant setting forth that the United States owned and held the land for a lighthouse, and that the defendant was holding possession as the keeper thereof under the authority of the United States. This court declined to consider the question presented by the record and argued at the bar, because the cause was removed into the circuit court of the United States without authority of law, holding that under the acts of March 3, 1887 [24 Stat. at L. 552, chap. 373], and August 13, 1888 [25 Stat. at L. 433, chap. 866], a case (not depending on the citizenship of the parties, nor otherwise specially provided for) cannot be removed from a state court into the circuit court of the United States, as one arising under the constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal, or in the subsequent pleadings."

If the petition for removal, when taken in connection with the other matters constituting the record of the state court, discloses the jurisdictional facts, this court need not surrender its jurisdiction. Powers v. Chesapeake & Ohio Railway Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673.

Not only does the transcript of record filed herein show a diversity of citizenship, but the affidavit on which the order to show cause for remand was based does not warrant the conclusion that there is a lack of diversity. The affiant Zirn alleges that he was told by one Bomanji that the defendant Morgan is a citizen of the state of New York. Why Bomanji made no affidavit does not appear, and so what he is alleged to have stated to the affiant is but hearsay. In opposition there is the affidavit of Morgan which I accept as stating the fact that he was at the time of the commencement of this action a citizen of New Hampshire.

The motion to remand is therefore denied.

The motion to dismiss the action is predicated upon the impossibility of serving the Derby Oil & Refining Corporation as an indispensable party.

Foreign corporations can be served with processes within the state only when doing business therein, and such services must be made upon an agent who represents the corporation in its business. Pe-

terson v. Chicago, Rock Island & Pacific Co., 205 U. S. 364, 27 S. Ct. 513, 51 L. Ed. 841. The motion to set aside the attempted service on the Derby Oil & Refining Corporation was granted. It appears that this defendant does no business in this district and has not designated an agent to accept service in its behalf. Since process could not be had upon this defendant, if it appeared that the corporation is an indispensable party, the motion to dismiss would be granted. However, until the complaint is filed it is not possible to state with certainty whether the corporation is an indispensable party or merely a proper party. Accordingly, the motion to dismiss the suit is denied, without prejudice, however, to renewal on the filing of the complaint.

Settle orders on notice.