## GUTH v. GROVES et al.

District Court, S. D. New York.
March 18, 1942.

Sydney A. Syme, of White Plains, N. Y., and Thomas H. Matters, Jr., and Donald Horne, both of New York City, for plaintiff.

Dorsey, Adams & Walker, of New York City (F. W. H. Adams, Abraham N. Geller, and Bernard A. Saslow, all of New York City, of counsel), for defendant Wallace Groves.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Albert R. Connelly and Robert D. Blasier, both of New York City, of counsel), for defendant W. W. Colpitts.

BRIGHT, District Judge.

The defendants Wallace Groves and W. W. Colpitts move for an order dismissing this action as to each of them for improper venue because (a) jurisdiction is based solely on diversity of citizenship, and (b) neither plaintiff nor defendant Phoenix Securities Corporation nor any of the moving defendants is a resident of the Southern District of New York. A similar motion made by the defendant John A. Stevenson has been withdrawn.

The action is brought by a stockholder of the defendant Phoenix Securities Corporation, an investment trust, in his own behalf and on behalf of all other stockholders of the corporation, for a discovery, accounting, injunction and receiver, to remedy certain wrongs which he alleges have been done to the corporation by the defendant Wallace Groves and the other individual defendants who are said to be dominated and controlled by him.

The plaintiff resides in Maryland. The defendant Phoenix is a Delaware corporation, and, therefore, is a resident of that state. Seaboard Rice Milling Co. v. Chicago, R. I. & P. R. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633. It is authorized to do business in this state and has its executive offices in this district, where it was served. The defendant Groves claims to be a resident of Greenwich, Connecticut, and the defendant Colpitts of Princeton, New Jersey.

Plaintiff can sue only in the district in which he or the objecting defendants reside, or in which the defendant Phoenix might sue such objecting defendants, and nowhere else. Philipbar v. Derby, D.C., 85 F.2d 27–30, 28 U.S.C.A. § 112. Neither plaintiff nor either moving defendant resides in this district, and the defendant Phoenix could not sue either of them here, for this is not the district in which any of them reside.

The cases cited by the plaintiff are not to the contrary. Philipbar v. Derby, supra, was a stockholders' derivative action brought in the New York State Court by residents of Brooklyn and removed to the Federal Court in the Eastern District of

New York. 11 F.Supp. 709. The summons was served upon one individual defendant while he was temporarily within the state. The corporation, organized in New Jersey, of which plaintiff was a stockholder, had not been served, and the appeal was dismissed for lack of jurisdiction over it. The corporation could not be served in New York. It was held that the dismissal was correct, the corporation being an indispensable party, the court remarking that the section of the Judicial Code above referred to, allows suit to be brought where the corporation could have brought it and nowhere else; that the corporation might bring suit in the district where it resided or where the directors did, and the Eastern District was neither of those. In Schwarz v. Artcraft Silk Hosiery Mills, 2 Cir., 110 F.2d 465, both plaintiffs were residents of this district and the summons was served upon the defendant, a Pennsylvania corporation, and its president individually, while the latter was in the city. The service was vacated below upon the ground that the president's presence in the district had been fraudulently induced. The Circuit Court of Appeals reversed, holding that it was not so shown. In Overfield v. Pennroad Corp., 3 Cir., 113 F.2d 6, plaintiff, a resident of Utah, and a stockholder of the Pennroad Corporation of Delaware, brought a derivative action in the District Court for the Eastern District of Pennsylvania, against the Pennsylvania Railroad Company and the directors and officers of Pennroad, all of whom were residents of Pennsylvania. Pennroad moved to dismiss and the motion was denied. The denial was held proper, the court holding that service upon it in Delaware was expressly authorized by the section of the Judicial Code cited. In neither case was the question here involved raised or decided.

Plaintiff does not claim that either of the moving defendants is a resident of this district, nor does he attempt to refute their affidavits to the contrary. His contention in the memorandum submitted by his counsel is that Phoenix, authorized to do business here, can also bring suit here, notwithstanding its residence or the residence of the moving defendants, citing Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A. L.R. 1437. But that case decides only the proposition that the defendant corporation, in a suit brought in the district where it may not be compelled to answer, is accorded, under the section of the Judicial Code cited, a personal privilege of objecting to the venue which may be lost by the failure to assert it seasonably by formal submission in a cause, or by submission through conduct; that the designation by such corporation, as a condition of doing business within a state, of an agent upon whom process may be served in that state, is an effective consent to be sued in the Federal Courts of that state.

■ That case did not change the rule as to the right of individual defendants to object, but expressly recognizes it (308 U. S. at page 168, 60 S.Ct. at page 155, 84 L. Ed. 167, 128 A.L.R. 1437) ; nor does it extend the right of Phoenix, authorized to do and doing business here, to bring suit as contrasted with the right to be sued. The policy behind the section was "to save defendants from inconveniences to which they might be subjected if they could be compelled to answer in any district, or wherever found". Irrespective of the fact that some of the individual defendants reside in this district, those who do not may object to being parties here. Camp v. Gress, 250 U.S. 308–315, 39 S.Ct. 478, 63 L.Ed. 997.

It seems clear to me that the action must be dismissed as to the defendants Groves and Colpitts.