## LEVENSON v. LITTLE et al.
### Civ. 43–600.

District Court, S. D. New York.
Jan. 2, 1948.

Bijur & Herts, of New York City, for plaintiff.

Cravath, Swaine & Moore, of New York City (Bruce Bromley, John Logan O'Donnell and Ralph L. McAfee, all of New York City, of counsel), for defendant Little.

576

COXE, District Judge.

This is a motion by the defendant Little to dismiss the action as to him for improper venue.

The action is a stockholder's derivative action brought by a stockholder of the defendant Textron Incorporated, for an accounting by the defendants Little and American Associates, Inc., of profits and benefits alleged to have been received by them, and damages and losses alleged to have been sustained by Textron, as a result of certain transactions complained of. Jurisdiction is based solely on diversity of citizenship.

Plaintiff Levenson is a citizen and resident of Massachusetts. Little is a citizen and resident of Rhode Island. Textron is a Rhode Island corporation, authorized to do, and doing, business in this state and district, and American Associates is a Delaware corporation, also authorized to do, and doing, business in this state and district.

Little was served with the summons in this district. The day before he was served a motion was made for an order granting Lillian Spielberger, a citizen and resident of New York, and Samuel Fox, a citizen and resident of Florida, leave to intervene as additional parties plaintiff, and such an order was entered a few days thereafter. Notice of the order was not given to Little until after the present motion was made.

The venue here is governed by Section 51 of the Judicial Code, Section 112, 28 U.S.C.A., which, as amended by the Act of April 16, 1936, reads, so far as pertinent, as follows: " * * * but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

Plaintiff's counsel conceded on the argument that, if Levenson is to be considered as the sole plaintiff, Little's motion must be granted upon the authority of Guth v. Groves, D.C., 44 F.Supp. 855, affirmed in 2 Cir., 129 F.2d 325 upon the opinion below. See Philipbar v. Derby, 2 Cir., 85 F.2d 27; Greenberg v. Giannini et al., 2 Cir., 140 F.2d 550, 152 A.L.R. 966. But he contends that the permitted intervention of Spielberger, a resident of this district, as a party plaintiff, is sufficient to fulfill the venue requirements of the statute.

Intervention, however, presupposes the actual pendency of a lawsuit in a court of competent jurisdiction in which the intervenor is to be treated as an original party, bound by the proceedings as he finds them. Godfrey L. Cabot, Inc., v. Binney & Smith Co., D.C.N.J., 46 F.Supp. 346, 347. There can be no intervention if there is no pending lawsuit. Intervention cannot give life to a lawsuit which does not actually exist. Nor can it create jurisdiction where no jurisdiction exists. In the case at bar there was no lawsuit actually pending in a court of competent jurisdiction when Spielberger was allowed to intervene. For that reason her permitted intervention was of no avail, and defendant Little's motion to dismiss the action should be granted.

But there is also another reason why the motion should be granted. Assuming that, as the result of her permitted intervention, Spielberger is to be considered as an original plaintiff, we have a situation where two plaintiffs, residents of different states, are suing a resident of a third state in the district of the residence of one of the plaintiffs. In such a situation this court has no jurisdiction, for all the plaintiffs must be residents of the district in which the suit is brought. This seems to have been the law ever since the enactment of the original Judiciary Act of 1789.

In Smith v. Lyon, 133 U.S. 315, 10 S.Ct. 303, 33 L.Ed. 635, two partners, residents of Missouri and Arkansas, respectively, sued a resident of Texas in the Federal Court for Missouri. The Court said: "The suit, so far as he (the citizen of Arkansas) is concerned, is not brought in the state of

which he is a citizen. Neither as plaintiff nor as defendant is he a citizen of the district where the suit is brought. The argument in support of the error assigned is that it is sufficient if the suit is brought in a state where one of the defendants or one of the plaintiffs is a citizen. This would be true if there were but one plaintiff or one defendant. But the statute makes no provision in terms for the case of two defendants or two plaintiffs who are citizens of different states. In the present case, there being two plaintiffs citizens of different states, there does not seem to be, in the language of the statute, any provision that both plaintiffs may unite in one suit in a state of which either of them is a citizen."

Plaintiff's counsel contends, however, that this rule "appears to be confined to cases involving a joint cause of action or one in which all the plaintiffs are otherwise necessary parties", and that the rule is not applicable to a true derivative stockholder's suit. I can find no justification for so limiting the application of the rule. It is true that in Smith v. Lyon, and in other cases following it, there was a joint cause of action. But the Supreme Court has never so limited it; nor, so far as I can find, has it been so limited by any lower court. In Greeley v. Lowe, 155 U.S. 58, 68, 15 S.Ct. 24, 25, 39 L.Ed. 69, the Court observed that it had held in Smith v. Lyon that "the circuit court has no jurisdiction on the ground of diverse citizenship, if there are two plaintiffs to the action, who are citizens of and residents in different states, and defendant is a citizen of and a resident in a third state, and the action is brought in a state in which one of the plaintiffs resides". Similar observations were made in Interior Construction & Improvement Co. v. Gibney, 160 U.S. 217, 220, 16 S.Ct. 272, 40 L.Ed. 401, and Hooe v. Jamieson, 166 U.S. 395, 397, 17 S.Ct. 596, 41 L.Ed. 1049.

The case at bar is analogous to Wilhelm v. Consolidated Oil Corp., 10 Cir., 84 F.2d 739. There the plaintiffs, as stockholders in two corporations, sued on behalf of themselves and all others similarly situated to set aside certain transfers of assets. The court pointed out that they sued in their own right and not derivatively (84 F.2d at page 748). Plaintiffs were residents of Oklahoma and Kansas. The suit was brought in the Oklahoma District Court. The defendants were five corporations, incorporated under the laws of New York, Delaware and Maine. None of them was doing business, or had been authorized to do business, in Oklahoma. The court affirmed an order quashing service upon the defendants and dismissing the complaint, upon the ground, among others, that all the plaintiffs did not reside in the district in which the suit was brought. See also Moore's Federal Practice, Vol. 2, p. 2303, Note 4.

The motion of the defendant Little to dismiss the action as to him for improper venue is granted.