### SCHMOLL FILS, Inc., et al. v. THE FERNGLEN et al.

United States District Court
S. D. New York.

March 29, 1949.

John F. X. McGohey, United States Attorney, New York City, (William H. Lane, New York City, of counsel), for intervener.

Kirlin, Campbell, Hickox & Keating, New York City, (Michael F. Whalen, New York City, of counsel) for respondent Atlantic Piers Company, Inc.

Davies, Hardy, Schenck & Soons, New York City, (Kenneth W. Greenawalt, Homer W. Lane, New York City of counsel), for respondent New York Dock Co.

CONGER, District Judge.

Action at law.

Motions made by defendants, New York Dock Company, Inc. and Atlantic Piers

Company, Inc. to dismiss the complaint herein as amended as against these defendants because of lack of jurisdiction over the subject matter.

These defendants are only concerned with the second cause of action set forth in the amended complaint.

To sustain jurisdiction herein there must be diversity and the required amount involved.

The amended complaint alleges that:

"(a) Plaintiff Schmoll Fils, Inc. is a New York corporation with its place of business at 110 Fulton Street, New York, N. Y.

"(b) Plaintiffs Max J. H. Rossbach and Robert S. Arbid are individuals and two partners doing business as J. H. Rossbach & Bros., with their place of business at 100 Gold Street, New York, N. Y. On information and belief the said Max J. H. Rossbach and Robert S. Arbid are residents and citizens of New York State.

"(c) Plaintiff Kaufman Trading Corporation is a New York corporation with its place of business at 15 Park Row, New York, N. Y. Dock Company is a New York corporation with its place of business at 44 Whitehall Street, New York, N. Y.

"(e) Defendant Atlantic Piers Company, Inc. is a New York corporation with its place of business at 17 Battery Place, New York, N. Y."

■ It clearly appears that there is not complete diversity of citizenship between plaintiffs and these defendants. There is no diversity of citizenship unless every person is of different, citizenship from every defendant. City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47.

This Court is without jurisdiction as against these defendants because of lack of diversity of citizenship and the motions should be granted.

In an apparent effort to cure this defect United States Commercial Company, a corporate agency of the United States seeks to intervene here as a party plaintiff.

In its brief the intervener states: "Intervener, however, will cure any jurisdictional defect appearing in its own interest. The fact that intervener is a government owned corporation with its head office in Washington, D. C. is a sufficient allegation to establish Federal jurisdiction as to it."

■■ Intervention may not be allowed for that purpose. An existing suit within the Court's jurisdiction is a prerequisite to intervention. Intervention cannot give life to a lawsuit which does not actually exist, nor can it create jurisdiction where no jurisdiction exists. Levenson v. Little, D. C., 75 F.Supp. 575; Cohn v. Cities Service Co., 2 Cir., 45 F.2d 687; Kendrick v. Kendrick, 5 Cir., 16 F.2d 744.

Motion to dismiss for lack of jurisdiction is granted.

Motion to intervene is denied.

Settle orders on notice.