## In re V–I–D, Inc.

### GLOVER v. COFFING et al.
### No. 9756.

United States Court of Appeals
Seventh Circuit.

Oct. 13, 1949.

' Jay E. Darlington, Hammond, Ind., for appellant.

Arthur J. Goldberg, Carl Devoe, Abraham W. Brussell, Chicago, Ill., Alfred P. Draper, Gary, Ind., Kenneth Call, Gary, Ind., for appellees.

Before MAJOR, Chief Judge, FINNE-GAN, Circuit Judge, and LINDLEY, District Judge.

FINNEGAN, Circuit Judge.

On June 25, 1947 Marguerite S. Glover filed her petition in the District Court of the United States for the Northern District of Indiana, praying that the court direct surrender to her of certain real estate then in possession of McM. Coffing, as Trustee for V-I-D, Inc., the corporate debtor. She claimed to be the owner in fee simple of the real estate which was an office building in the city of Gary, Indiana, and alleged that the court did not then have, and never had jurisdiction of the reorganization proceedings. The corporate debtor, V-I-D, Inc., and the Trustee in Bankruptcy, McM. Coffing, severally moved that her petition be stricken from the record.

By order of July 1, 1948, the District Court granted their motion. In this appeal the intervener, Marguerite S. Glover, seeks to reverse that order of the District Court.

This is the third time that this matter has been brought to this Court on appeal. In the briefs filed on her behalf, as well as in oral argument, appellant in order to avoid the possibility of the defense of res adjudicata and estoppel being raised against her, claimed that she has been "compelled to proceed on the reclamation road" by both the District Court for the Northern District of Indiana and by this court. To dispose of such claim it becomes necessary to examine the facts shown by the records of this court relating to her intervention in this reorganization proceeding.

On June 24, 1939, V-I-D, the Corporate Debtor, filed its voluntary petition for reorganization in the District Court of Indiana. On August 28, 1939, the District Court found that the petition complied with chapter 10 of the Bankruptcy Act and had been filed in good faith, and entered an order approving said petition as properly filed and appointing McM. Coffing trustee for the Debtor Corporation.

Subsequently, and on the first day of December, 1939 the appellant, Marguerite S. Glover, filed her intervening petition alleging that she was then the owner in fee simple of the real estate in possession of the trustee as an asset of the corporate debtor. She based her title upon a sale to her of the real estate to satisfy a default judgment entered in case No. 33635 Lake Superior Court Room 3, at Gary, Indiana, ordering said property sold to satisfy a claim of $429.30 and costs. She prayed that the trustee be directed to surrender the real estate to her forthwith, and that he be likewise directed to account for, and turn over to her all the income and profit deprived therefrom.

The petition was answered by the indenture trustee on December 22, 1939. The Trustee, McM. Coffing, under leave of court, filed an amended and supplemental answer to the petition on April 10, 1941. Both answers asked that the prayer of the petition be denied and the petition dismissed.

Thereafter, on June 22, 1943, while her petition to surrender was still pending, the intervening petitioner, Marguerite S. Glover, moved that the District Court investigate its jurisdiction of the bankruptcy proceeding. This motion was supported by a petition, and was met by a counter motion to strike said petition made on behalf of both the indenture trustee and of the corporate debtor.

On February 4, 1944, the motion to dismiss the petition filed on June 22, 1943, requesting an investigation of the jurisdiction of the court, was granted and that petition dismissed by the District Court.

From this order of dismissal of February 4, 1944, Marguerite S. Glover, appealed to this Court. This was the first appeal and was docketed herein as Cause No. 8572. Appellee McM. Coffing moved to dismiss this first appeal on the ground that the order appealed from was not final. In her suggestions filed for our consideration on the motion to dismiss, Marguerite S. Glover stated that she had appealed from the order of February 4, 1944 because she feared that it would preclude her from raising the jurisdictional question when and if her motion for the surrender of the real estate was decided adversely to her contentions in the intervening petition of December 1, 1939. She expressed herself as then satisfied that, in view of appellee's position, the dismissal of the appeal would not affect her right to urge the jurisdictional question, and raised no serious objection to appellee's motion. The first appeal was thereupon dismissed on June 14, 1944, and the mandate of this Court issued and was filed in the District Court for the Northern District of Indiana on July 5, 1944.

Three months after the mandate had been filed, on October 27, 1944, the Trustee McM. Coffing, under leave of the District Court, filed a second amended and supplemental answer to the intervening petition of Marguerite S. Glover. Attached to this amended and supplemental answer was a counterclaim which prayed that the judgment of the Lake Superior Court Room 3, at Gary, Indiana, in Cause No. 33635 "be set aside, vacated and held for

naught." The matter was referred to a special master and after a hearing on his report and objections thereto in the District Court for the Northern District of Indiana, a judgment was entered denying the relief prayed for in the petition of Marguerite S. Glover, and finding that V-I-D, Inc. was the owner in fee simple of the real estate involved, and that the judgment in Cause No. 33635 of Lake Superior Court Room 3, at Gary, Indiana, entitled U. S. A. Co. v. Samuel Kijowski, et al., was void as to the corporate debtor V-I-D, Inc.

Marguerite S. Glover prosecuted a second appeal to this Court from the order of December 3, 1945. The decision in that appeal will be found in 158 F.2d 964. It would serve no purpose to restate here the facts disclosed in that opinion. Suffice it to say that they were of such character as to establish indisputably the conclusions reached by this Court. These findings were: first, that the fee simple title to the property involved was vested in the Corporate Debtor, V-I-D, Inc., and second, that the judgment in tax foreclosure case No. 33635 in Lake Superior Court Room 3, at Gary was void. After petition for rehearing was denied, Marguerite S. Glover applied for certiorari to the Supreme Court of the United States, which was likewise denied. 331 U.S. 829; 67 S.Ct. 1352, 91 L.Ed. 1844. The mandate of this court affirming the judgment of December 3, 1945, was filed in the District Court for the Northern District of Indiana on May 26, 1947.

About one month later, on June 25, 1947, Marguerite S. Glover, the appellant, again denominating herself "intervenor," filed in the District Court the petition involved in the present appeal. It is called a petition to surrender real estate for lack of jurisdiction. The factual basis of the petition is substantially the same as that of the former petition which sought to investigate the jurisdiction of the District Court which was filed June 22, 1943.

On Motion of McM. Coffing, Trustee, and of V-I-D, Inc., the Corporate Debtor, the motion to strike the petition from the record was granted on July 21, 1948. This third appeal followed.

■ Because of these facts disclosed by the records in this court, it seems plain that the appellant, Marguerite S. Glover, is precluded from again bringing into question the ownership of the real estate involved. She entered these proceedings as an intervenor—because she claimed to be the owner of the real estate then in the possession of the trustee for the corporate debtor. She was neither a creditor of nor a stockholder in V-I-D, Inc. Certainly she was not an indenture trustee, hence she had no right to controvert the allegations of the petition by V-I-D, Inc. seeking relief under chapter 10 of the Bankruptcy Act.

Sec. 549, Title 11 U.S.C.A. provides: "An order, which has become final, approving a petition filed under this chapter shall be a conclusive determination of the jurisdiction of the court."

■ Consequently when Marguerite S. Glover entered these proceedings as an intervenor more than three months after the order approving the petition for reorganization had been entered, the jurisdiction of the District Court had been conclusively established.

■ Moreover, intervention presupposes the pendency of a suit in a court of competent jurisdiction, and an intervenor impliedly, if not expressly accepts the proceedings as he finds them at the time of intervention. Paraphrasing what was said in Whittaker et al. v. Brictson Mfg. Co., 8 Cir., 43 F.2d 485, 491.

The petitioner herein did not in her latest petition in the case come in as an intervenor in subordination to the main proceedings but rather in defiance thereto "To seek to set aside the entire proceedings in a case, and to have the same held for naught on the ground that they are absolutely void cannot be in recognition of the propriety of the main suit."

Under the facts and circumstances herein the petitioner-appellant is contumacious in asking this court to again review and reverse findings made adversely to her con-

tention. "Public policy requires that there be an end to litigation."

The ruling of the District Court was correct and its order is therefore affirmed.