ROBERTS v. KIMBROUGH et al.

KIMBROUGH v. UNITED STATES.

In re PLOWDEN et al.

No. 6600.

United States Court of Appeals, Fourth Circuit.

Argued June 16, 1953.

Decided July 24, 1953.

Edward L. Roberts, pro se.

Herman S. Greitzer, Atty., Department of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Ben S. Whaley, U. S. Atty., Charleston, S. C., Edward H. Hickey, Atty., Department of Justice, Washington, D. C., and Russell D. Miller, Asst. U. S. Atty., Charleston, S. C., on the brief), for the United States.

Edward Gallagher (Paul A. Cooper, Columbia, S. C., on the brief), for appellee Franklin D. Kimbrough, trustee in bankruptcy.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

These are appeals by one Edward L. Roberts from orders of the court below denying his motion to dismiss the bankruptcy proceedings of Plowden & Roberts, a partnership, and his motion to be allowed to intervene in the Lucas Act suit of Kimbrough, trustee in bankruptcy of Plowden & Roberts, for the purpose of moving to dismiss that suit. There is no merit in either appeal.

In the bankruptcy case, it appears that, on November 23, 1942, Guy A. Plowden, Richard L. Plowden and Edward L. Roberts, as copartners doing business under the firm name of Plowden & Roberts, jointly and severally petitioned the court for an arrangement with partnership creditors under section 322 of chapter eleven of the Bankruptcy Act. The petition used the Roman numerals II, but it is perfectly clear that this was a mere typographical error and that relief under chapter eleven was what was asked. On February 12, 1943, after Roberts had entered military service, a petition was filed by the two remaining partners and by the attorney for the partnership stating that the petition was being withdrawn as it was not acceptable to creditors, showing that the partnership was insolvent and asking an adjudication in bankruptcy for the partnership as well as for themselves. The two partners signing the petition were adjudicated bankrupt on that day and a hearing was ordered as to the partnership. On March 17, 1943, an order was entered adjudicating the partnership bankrupt.

There can be no question as to the validity of this adjudication, even though Roberts did not personally join in the petition of February 12. The attorney for the partnership had notice and participated in the proceeding; and the adjudication in bankruptcy was expressly authorized by statute when the arrangement offered under chapter eleven was withdrawn or abandoned. 11 U.S.C.A. § 776 (2). It is immaterial that Roberts was not adjudicated a bankrupt at the same time, for since the passage of the Chandler Act there can be no question as to the power to adjudicate a partnership bankrupt without adjudicating the partners individually. 11 U.S.C.A. § 23 as amended by the Act of June 22, 1938, c. 575, 52 Stat. 845.

Question is raised as to the appointment of Kimbrough as trustee; but the record shows that, although he was appointed "temporary trustee" upon the filing of the original petition and that this status was continued upon the adjudication of the Plowdens, he was regularly elected trustee at a creditors' meeting on March 30, 1943, after the adjudication of the partnership, and was duly appointed and gave bond as trustee. Even if this were not so, the irregularity of his appointment would furnish no ground for dismissing the proceedings in bankruptcy.

As to the Lucas Act suit, the facts are that this suit was instituted by Kimbrough, trustee in bankruptcy of the partnership, in July 1948. On May 10, 1950, order was entered striking a number of the government's defenses, and on Feb-

ruary 22, 1952 a motion by the government for summary judgment was denied. In January 1953 Roberts filed his petition asking to be allowed to intervene in the case for the purpose of moving that it be dismissed. It is perfectly clear that this motion was properly denied. If he had sought to intervene for the purpose of protecting any interest that he might have as a partner in a recovery by the trustee in bankruptcy for the partnership and its creditors, a different question would be presented; but, even in such case it would be a matter resting in the sound discretion of the District Judge as to whether intervention should be allowed at that stage of the case. See Rule 24 of the Rules of Civil Procedure, 28 U.S.C.A. Any right of the partnership to maintain a suit under the Lucas Act, 41 U.S.C.A. § 106 note, was vested in its trustee in bankruptcy and there is nothing to indicate that the trustee is not proceeding properly in protection of that right. If there is a recovery of more than enough to pay creditors of the partnership, the rights of the partners will be protected by the bankruptcy court and Roberts may obtain any relief to which he may be entitled with respect thereto by petition at the proper time to that court.

The denial of both motions by the court below is affirmed.

Affirmed.