### ROBERTS v. KIMBROUGH.

### In re PLOWDEN et al.
### No. 6762.

United States Court of Appeals Fourth Circuit.
Argued April 9, 1954.
Decided May 3, 1954.

788

Edward L. Roberts, pro se.

Edward Gallagher, Washington, D. C. (Paul A. Cooper and Frank B. Gary, Columbia, S. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is another appeal by Edward L. Roberts in the Plowden & Roberts bankruptcy proceeding which was before this court in Roberts v. Kimbrough, 4 Cir., 206 F.2d 257. The partnership of Plowden & Roberts was adjudged bankrupt on March 17, 1943, and Kimbrough was regularly elected as trustee in bankruptcy at a creditors meeting and gave bond and was duly appointed to that position. As trustee in bankruptcy of the partnership he instituted suit against the United States under the Lucas Act, 41 U.S.C.A. § 106 note, to recover damages sustained by the partnership in connection with certain construction contracts. That litigation was settled upon the payment to the trustee of $82,500 and the dismissal with prejudice of the Lucas Act suit. Roberts contends that this payment was "after acquired" property to which the trustee in bankruptcy is not entitled and that, as the only one of the partners who has not been adjudged bankrupt, he is entitled to the whole thereof. It is conceded that the total amount of the payment is not sufficient to pay the remaining debts of the partnership. This contention of Roberts is entirely without merit. The claim under the Lucas Act arose out of the operations of the partnership and that act is properly construed, not as granting a gratuity or as creating new rights but as recognizing existing rights and equities and providing means for their enforcement. See Williams v. Heard, 140 U.S. 529, 11 S. Ct. 885, 35 L.Ed. 550. The case is very different from Harlan v. Archer, 4 Cir., 79 F.2d 673, 102 A.L.R. 149, where the court pointed out that the effect of the act of Congress there under consideration was to create an entirely new right.

Furthermore, the payment in question was made to the trustee in bankruptcy as representative of the partnership, not as representative of the individual partners; and we know of no principle of law which would permit the partners to divert it from the partnership creditors, who put labor and materials into the projects which gave rise to the claim resulting in the payment, and to whom it belongs in law, in equity, in justice, and in common honesty.

Affirmed.