John Moses BECTON, a Minor, by Theodore Edwards and Lillie Maude Edwards, his Parents and Next Friends, Demetrice Forbes and Nathaniel Moses Forbes, Minors, by Moses Forbes and Beatrice Forbes, their Parents and Next Friends, Jonathan David Farmer and Edgar Lee Farmer, Minors, by Aaron Farmer and Dora Mae Farmer, their Parents and Next Friends, Plaintiffs,

v.

The GREENE COUNTY BOARD OF EDUCATION, a Body Politic of GREENE COUNTY, NORTH CAROLINA, and Gerald D. James, Superintendent of the Greene County Schools, Defendants,

Obediah Farmer, a Minor, by Aaron Farmer and Dora Mae Farmer, his Parents and Next Friends, Cleophius Edwards, a Minor, by Lillie M. Edwards, his Mother and Next Friend, Applicants for Intervention.

Civ. No. 458.

United States District Court
E. D. North Carolina,
Washington Division.

Jan. 18, 1963.

C. O. Pearson, Durham, N. C., Jack Greenberg, New York City, for plaintiffs and for applicants for intervention.

K. A. Pittman, Snow Hill, N. C., Walter G. Sheppard, Snow Hill, N. C., I. Beverly Lake, Raleigh, N. C., for defendants.

LARKINS, District Judge.

This action was originally instituted on May 6, 1960, in the Washington Division of the United States District Court for the Eastern District of North Carolina, by the Parents and Next Friends of five minor Negro children. At the time the suit was filed all of the plaintiffs were students in the Greene County Training School in Greene County, North Carolina. The Greene County Training School is attended solely by children of the Negro race and the plaintiffs sought transfers to other schools in the County attended solely by children of the white race.

The defendant, Greene County Board of Education, filed a motion to dismiss on June 29, 1960. A pre-trial conference was held in the action on September 10, 1962, in the United States Courthouse, Washington, North Carolina. At the pre-trial conference the Court was informed that the plaintiffs were not then eligible for enrollment in any school in Greene County, two having graduated, two having moved from the county, and one having dropped out of school.

The attorneys for the plaintiffs in the original action at said pre-trial conference then filed a motion to intervene as plaintiffs on behalf of two other Negro children living in Greene County, North Carolina. The petition sought permission to intervene in the original action, pursuant to Rule 24(b) (2) of the Federal Rules of Civil Procedure.

The defendants objected to the intervention of additional parties into the action and pressed their argument for a dismissal of the action, as set out in their previous motion. The Court, in its discretion, allowed the parties sufficient time to file briefs in support of their respective positions.

## FINDINGS OF FACT

1. The five Negro plaintiffs in the pending action, namely, Demetrice Forbes, Nathaniel Moses Forbes, John Moses Becton, Edgar Lee Farmer, and

Jonathan David Farmer are no longer eligible for enrollment in any of the public schools of Greene County, North Carolina. The plaintiffs Demetrice Forbes and Nathaniel Moses Forbes transferred to Nash County, North Carolina on January 2, 1961. The plaintiff John Moses Becton dropped out of school on June 2, 1961, and has not sought admission since that date. Edgar Lee Farmer graduated in June, 1962, and Jonathan David Farmer graduated on June 2, 1961.

2. The defendant Greene County Board of Education is a body politic in Greene County, North Carolina charged, by law, with maintaining and supervising the operation of the Greene County public school system.

3. Defendant Gerald D. James is Superintendent of Greene County Schools.

4. The jurisdiction of this Court is invoked under Title 28 U.S.C. §§ 1331 and 1343.

5. The action is authorized by Title 42 U.S.C. §§ 1981 and 1983.

6. The applicants for intervention, Obediah Farmer and Cleophius Edwards, are Negro children residing in Greene County, North Carolina and attending high school at the Greene County Training School.

7. The applicants for intervention admit, and the Court finds as a fact, that these applicants have never petitioned the defendant, Greene County Board of Education for assignment to any public school in Greene County except the Greene County Training School.

### CONCLUSIONS OF LAW

#### I.

The Court is faced with a novel situation of interveners moving this Court for leave to intervene as plaintiffs in an action that admittedly has become moot. The Court has made a diligent search of the Federal authorities and it was unable to find any directly in point. However, numerous cases were consulted which presented analogous, if not identical, situations.

The interveners have filed their motion to intervene pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure and thereby admit that they do not seek intervention as a matter of right. Instead, they seek to enter the action with leave and permission in the discretion of the Court.

In Hofheimer v. McIntee et al., 179 F.2d 789 (7th Cir., 1950), certiorari denied Johnston v. McIntee, 340 U.S. 817, 71 S.Ct. 47, 95 L.Ed. 600 (1950), a situation similar to the present one arose. In that case a party attempted to intervene after the case had been dismissed. The Court of Appeals for the Seventh Circuit held that intervention is ancillary and subordinate to the main cause and whenever a suit ceases to exist by virtue of dismissal by the Court, there remains no longer any action in which there can be intervention.

The Court further held that:

"An existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit. * * * The suit having been rightfully necessarily dismissed, * * * there was nothing left in which the movant could intervene." Id. at 792.

The Hofheimer case differs from the present action in the following respect: In Hofheimer the case was dismissed by the Court, while in this action there is no longer a justiciable issue before this Court for lack of a party plaintiff with capacity to maintain the action. It appears to this Court that the underlying principle is the same although there is a factual distinction. There should be uniformity in result, irrespective of the technical differences with which the actions were terminated.

In Glover v. Coffing et al., 177 F.2d 234 (7th Cir., 1949), certiorari denied 339 U.S. 904, 70 S.Ct. 518, 94 L.Ed. 1333

(1949), the same Court that decided Hofheimer held that intervention presupposes pendency of a suit in a court of competent jurisdiction, and an intervenor impliedly, if not expressly, accepts the proceedings as he finds them at the time of intervention. Barron & Holtzoff, Federal Practice and Procedure, § 593. Following this line of reasoning, the applicants for intervention could not intervene in the action because there was not a justiciable action pending in which they could intervene.

██ There is also authority to the effect that intervention may not be allowed to give life to a lawsuit which does not actually exist. Schmoll Fils, Inc. v. The Fernglen, 85 F.Supp. 578 (S.D.N.Y. 1949); Levenson v. Little et al., 75 F. Supp. 575 (S.D.N.Y.1948). If this Court allowed the intervenors to intervene in this suit it would be contra to the above authorities. Such action would breathe new life into an action which was no longer justiciable before the Court and over which the Court had no jurisdiction. The Court is of the opinion that Rule 24 (b) (2) was not intended for this purpose.

## II.

 The Court is further of the opinion that the motion to intervene was not timely made. Nearly two and one-half years elapsed before permission was sought to intervene. Intervention, whether of right or permissive, must be timely. Tesseyman v. Fisher, 231 F.2d 583 (9th Cir., 1955) and Cameron v. President and Fellows of Harvard College, 157 F.2d 993 (1st Cir., 1946).

Since intervention under Rule 24(b) (2) is discretionary, Goodpaster v. Oklahoma Gas & Electric Co., 291 F.2d 276 (10th Cir., 1961) and numerous other authorities, the Court in the exercise of its discretion denies the motion to intervene.

Motion to intervene denied, and motion to dismiss granted.

Order filed the 18th day of January, 1963 in accordance with this Opinion.