**Marcus BLACK, Plaintiff,
Louis McGiboney et al., Plaintiffs-Intervenors-Appellants,**

v.

**CENTRAL MOTOR LINES, INC.,
Appellee.**

**No. 74–1061.**

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1974.

Decided July 19, 1974.

Walter H. Bennett, Jr., Charlotte, N. C. (George S. Daly, Jr., and Casey & Daly, Charlotte, N. C., on brief), for appellants.

W. P. Sandridge, Winston-Salem, N. C. (Charles F. Vance, Jr., Winston-Salem, N. C., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, CRAVEN and BUTZNER, Circuit Judges.

BOREMAN, Senior Circuit Judge:

On May 22, 1973, twelve black employees (hereinafter appellants) moved to intervene in the consent judgment for back pay obtained by Marcus Black against his employer, Central Motor Lines, Inc.[1] In denying the motion the district court noted that the request for intervention was filed almost one year after the judgment in Black's case had been entered, a final judgment from which no appeal had been taken. The court concluded that "the Intervenors have not been diligent in asserting their rights, if any they have, and that to allow their intervention would unduly prejudice the rights of the defendant."

 Intervention is ancillary and subordinate to a main cause and whenever an action is terminated, for whatever reason, there no longer remains an action in which there can be intervention. Becton v. Greene County Board of Education, 32 F.R.D. 220 (E.D.N.C. 1963). By its very nature intervention presupposes pendency of an action in a court of competent jurisdiction. *See* In Re V–I–D, Inc., 177 F.2d 234 (7 Cir. 1949). "An existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit. . . ." Kendrick v. Kendrick, 16 F. 2d 744, 745 (5 Cir. 1926). Since Black's action had been terminated for almost one year and there was no pending litigation in which appellants could intervene, their motion was untimely.

 Rule 24 of the Federal Rules of Civil Procedure controls intervention. Regardless of whether appellants are seeking intervention as a matter of right [Rule 24(a)(2)] or permissive intervention [Rule 24(b)(2)] [2] it is clear that both subsections of the Rule require that the application to intervene be *timely* filed.[3] Rule 24 is silent as to what constitutes a timely application and the question must therefore be answered in each case by the exercise of the sound discretion of the court.[4]

Appellants argue that in a number of cases intervention has been allowed even after entry of judgment. Admittedly those cases involved unique factual situations; in a majority of them intervention was permitted so that the intervenor could prosecute an appeal which an existing party had decided not to take. *See* Smuck v. Hobson, 132 U.S.App.D.C., 372, 408 F.2d 175 (1969); Pellegrino v. Nesbit, 203 F.2d 463 (9 Cir. 1953); Wolpe v. Poretsky, 49 U.S.App.D.C. 141, 144 F.2d 505 (1944). Such cases are inapplicable here since the time for an appeal in the instant case has long since run.

Upon consideration of the record we conclude that there has been no showing by appellants that the district court abused its discretion in denying the motion to intervene as untimely. Therefore, the judgment below will not be disturbed.

Affirmed.

1. In his action Black had claimed Central Motor Lines engaged in racially discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981.

2. Neither Rule 24(a)(1) nor Rule 24(b)(1) is applicable in this case. Rule 24(a)(1) provides for intervention as of right when a *statute* of the United States confers an unconditional right to intervene; pursuant to Rule 24(b)(1) there can be permissive intervention when a *statute* of the United States confers a conditional right to intervene. All parties agree that there is no statute here involved that would bring into play either Rule 24(a)(1) or Rule 24(b)(1).

3. Subsections (a) and (b) of Rule 24 of the Federal Rules of Civil Procedure begin with language as follows: "Upon timely application . . . ."

4. Roberts v. Kimbrough, 206 F.2d 257 (4 Cir. 1953); Simms v. Andrews, 118 F.2d 803 (10 Cir. 1941); 2 W. Barron & A. Holtzoff, Federal Practice and Procedure § 594, at 364–65 (1961); 3B J. Moore, Federal Practice ¶ 24.13, at 24–521 (2d ed. 1974); Wright & Miller, Federal Practice and Procedure: Civil § 1916 (1972).