382

**In re Judith BERKAN.**

**Civ. No. 80–2112.**

United States District Court,
D. Puerto Rico.

Sept. 18, 1981.

Carlos V. Garcia-Gutierrez, Morton Stavis, Santurce, P. R., for petitioner.

Raymond T. Acosta, U. S. Atty., Hato Rey, P. R., Marc Johnston, Civil Division, U. S. Dept. of Justice, Washington, D. C., for respondent.

Luis F. Camacho, Harry Anduze, Salvador Antonetti, Gregorio Lima, and Miriam Naveira, San Juan, P. R., for intervenor.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

The First Circuit Court of Appeals in the *In Re Judith Berkan* case, 648 F.2d 1386 (1st Cir. 1981), has directed the Judges of this Court to provide Judith Berkan with some hearing procedure. The inquiry as to petitioner's request to be admitted to the Bar of the United States District Court for the District of Puerto Rico was scheduled for August 14, 1981, but due to a change of petitioner's representation, the same was continued to September 18, 1981, at 1:30 P.M. The Colegio de Abogados de Puerto Rico has filed a Motion Requesting Intervention, on September 17, 1981, at 2:37 P.M., which the Court is now going to consider.

■ Intervention under Rule 24 of the Federal Rules of Civil Procedure is ancillary and subordinate to a main cause of action. By its nature, intervention presupposes pendency of an action in a court of competent jurisdiction. *Black v. Central Motor Lines, Inc.*, 500 F.2d 407 (4 Cir., 1974). "An existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit...." *Kendrick v. Kendrick*, 16 F.2d 744, 745 (5 Cir., 1926). The proceeding herein is neither a civil action nor an adversary proceeding, but it is necessarily a much more informal inquiry into an applicant's qualifications for admission to the Bar. *Willner v. Committee on Character and Fitness*, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963), cited in *In Re Judith Berkan, supra.*

■ Since Berkan's petition does not initiate an action, civil or criminal, there is no basis for Colegio de Abogados' intervention under Rule 24 of the Federal Rules of Civil Procedure. Thus, petitioner has no standing to request such intervention.

Even assuming, arguendo, that Colegio de Abogados does have standing to request intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure, the same must be denied.

■ Colegio de Abogados alleges that it has "a statutory interest in defending the rights and immunities of attorneys in Puerto Rico and seeing to it that they enjoy the necessary freedom before the courts to properly exercise their profession." They cite 4 L.P.R.A. 772(1), (3) in support thereof. However, intervention is of right pursuant to Rule 24(a)(1),[1] F.R.C.P., if a *statute of the United States* confers an unconditional right to intervene.

Rule 24(a)(2),[2] F.R.C.P., creates a threefold test for intervention of right. An absentee shall be permitted to intervene if (1) he claims an interest relating to the property or transaction that is the subject of the action, and (2) he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless (3) his interest is adequately presented by existing parties.

The Colegio de Abogados claims an interest in intervening by virtue of its general responsibility to defend the rights and immunities of the lawyers and because a decision in the district court could "affect the

---

**1.** Rule 24(a)(1) F.R.C.P., states:

"Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; ..."

**2.** Rule 24(a)(2) F.R.C.P., states:

"Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

freedom of an attorney in Puerto Rico to appear before this Court and the proceedings to be followed will set a precedent for other cases involving admission of attorneys and the procedures to be followed when admission is sought to be denied."

■ ·Colegio de Abogados' interest in the rights and immunities of petitioner Berkan are duly protected by petitioner's lawyers. Since Colegio de Abogados' interest is identical to that of petitioner Berkan, and since Colegio de Abogados has not made a compelling showing to demonstrate why this representation is not adequate, intervention as a matter of right must be denied. 7A Wright and Miller, Federal Practice and Procedure, Section 1901, at 524. Moreover, Colegio de Abogados is not so situated that disposition of this proceeding may as a practical matter impair or impede its ability to protect that interest.

■ The Court is also not disposed to grant Colegio de Abogados the right to intervene permissively under Rule 24(b)(2),[3] F.R.C.P. The Court may allow an absentee to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common." No main action exists in the proceeding at bar. Even if such action were present, a motion under Rule 24(b) is addressed to the discretion of the Court. *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1223 (6 Cir., 1975). The Court's discretion is not moved by intervenor's request to allegedly defend Berkan's rights. In reaching this conclusion, the Court is influenced by the fact that control of admission to the Federal Bar in the District of Puerto Rico is inherent in this Court. The procedure related to the admissions to the Federal Bar is separate and independent from the procedure for admission to practice law in the courts of the Commonwealth of Puerto Rico. In order to utilize the privilege granted by the Superior Court of the Commonwealth of Puerto Rico to practice in the local courts, a lawyer must be a member of the Colegio de Abogados de Puerto Rico. That is not the case in the federal court.

Furthermore, under Rule 24(b)(2) the court "[i]n exercising its discretion . . . shall consider whether the intervention will unduly prejudice the rights of the original parties."

■ Intervention under either branch of the rule can only be had on timely application. The Colegio de Abogados filed its present application on September 17, 1981, the day before the proceeding is to be held. Colegio de Abogados was in a position, being aware of the proceedings, as it so admits in paragraph 4 of its motion, to seek intervention at an earlier stage of the procedures herein. 7A Wright and Miller, Federal Practice and Procedure, Section 1916. In view of the fact that the proceeding is scheduled for September 18, 1981, the intervention by Colegio de Abogados will unduly delay or prejudice the adjudication of the rights of petitioner Berkan.

THEREFORE, in view of the above reasons, the Court ORDERS that Colegio de Abogado's motion for intervention be and is hereby DENIED.

IT IS SO ORDERED.

---

**3.** Rule 24(b)(2) provides in pertinent part:

"Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common."