NATIONAL LATEX PRODUCTS COMPANY, PLAINTIFF *v.* UNITED
STATES, DEFENDANT

Court No. 81-7-00898

Before BERNARD NEWMAN, Judge.

MEMORANDUM AND ORDER

(Dated September 13, 1982)

*Sharretts, Paley, Carter & Blauvelt, P.C. (Gail T. Cumins, Peter O. Suchman* and
*Ned H. Marshak,* Esqs., of counsel) for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General (*David M. Cohen,* Director, Com-
mercial Litigation Branch, *Velta A. Melnbrencis* and *A. David Lafer,* Esqs.); *Ryan
Trainer,* Staff Attorney, Office of Assistant General Counsel for Import Administra-
tion, United States Department of Commerce, for the defendant.

*Blatchford, Epstein & Brady,* Esqs. (*Joseph H. Blatchford, Esq.,* of counsel) and
Seifman, Semo & Slevin, P.C. (*Joseph Semo* and *Fredrick M. Marx,* Esqs., of counsel)
for the proposed intervenor, American Imports, Inc.

*Plaia & Schaumberg, Chartered (Leslie Alan Glick, Esq.,* of counsel) for the pro-
posed *amicus curiae* Grupo Cydsa, S.A.

BERNARD NEWMAN, *Judge:* The within action was dismissed by
order of the court on June 16, 1982 as moot pursuant to a stipula-
tion of the parties. *National Latex Products Co.* v. *United States,* 3
CIT 227 (1982). Pending before the Court is a postjudgment applica-
tion by American Imports, Inc. ("American Imports") to intervene,
and for other relief in the event the application is granted. Addi-
tionally, Grupo Cydsa, S.A. ("Grupo") has moved to file an *amicus
curiae* brief on behalf of American Imports. Both National Latex
Products Company ("National Latex") and the government have
opposed the motions before the Court. For the reasons explained
*infra,* the motions by American Imports and Grupo are denied.

BACKGROUND

This action was commenced on July 16, 1981 by summons and
complaint contesting the dismissal on June 17, 1981 by the Depart-
ment of Commerce ("Commerce") of a countervailing duty petition
filed by National Latex in conformance with section 303 of the
Tariff Act of 1930, as amended (19 U.S.C. § 1303) (46 FR 31698). It
appears that Commerce refused to initiate a countervailing duty
investigation into alleged subsidies on Mexican-made toy balloons
and playballs in the absence of an allegation by the petitioner (Na-
tional Latex) of injury to the domestic industry. Plaintiff's claim
was predicated on the contention that because Mexico is not a
party to the General Agreement on Tariffs and Trade, and since
Mexico and the United States have not entered into an agreement
requiring that an injury determination be made for the United
States to impose countervailing duties on duty-free Mexican im-

ports, no allegation of injury was required in plaintiff's petition. The government's original position in this matter, and the reason why it initially refused to accept plaintiff's petition, was that an August 28, 1978, "notice of initiation of investigation" involving other Mexican duty-free products (43 FR 38482) created an international obligation of the United States requiring an injury determination as a prerequisite to the imposition of countervailing duties on duty-free Mexican products.

Following two rulings concerning the issue of executive privilege respecting intragovernmental policy advice and recommendations,[1] plaintiff moved for summary judgment and American Imports requested permission to file an *amicus curiae* brief on behalf of the Government. Thereafter, the Court was advised that the parties had entered into discussions concerning a stipulation, and consequently decision was reserved on the *amicus curiae* application. Subsequently in a reversal of its original position, the government on May 13, 1982 stipulated with plaintiff that the latter could file a new petition, which Commerce would consider, without regard to the issue of injury to the domestic industry. The new petition was filed with Commerce on May 18, 1982 and by a decision dated May 26, 1982, (published in the Federal Register on June 1, 1982 (47 FR 23798)) Commerce initiated a countervailing duty investigation into alleged subsidies on toy balloons and playballs from Mexico. Since the case had thus become moot, the parties filed a stipulation of dismissal with the Court on June 7, 1982.

In light of the stipulation of the parties and the mootness of the action, the motion of American Imports to file an *amicus curiae* brief was denied on June 16, 1982 and the Clerk was directed to enter an order of dismissal pursuant to Rule 41(a)(1). See *National Latex, supra.* Accordingly, this action was dismissed.

Presently before the Court are the following motions filed by American Imports on July 16, 1982: a motion to intervene as a defendant; a motion to alter or amend the order of June 16, 1982 dismissing this action, or in the alternative, for relief from that order; and a motion to stay the countervailing duty investigation initiated as a result of the stipulation entered into by National Latex and the Government. A motion to file an *amicus curiae* brief on behalf of American Imports has also been filed by Grupo, an exporter of polypropylene film from Mexico.

OPINION

I

Since Commerce has initiated the countervailing duty investigation for which plaintiff originally petitioned, plaintiff's cause of action for the dismissal of the original petition became moot and has ceased to exist. It is well settled that intervention contemplates

---

[1] 2 CIT 219 (1981); 3 CIT 49 (1982).

the existence of a viable cause of action inasmuch as intervention is ancillary to the main cause of action. *Black* v. *Central Motor Lines Inc.,* 500 F.2d 407, 408 (4th Cir. 1974). In view of the fact that the suit brought by National Latex has ceased to exist by virtue of the stipulation of the parties and dismissal by the Court on June 16, 1982, there no longer remains any pending action between the parties in which there can be intervention. *Cf. Hofheimer* v. *McIntee,* 179 F. 2d 789, 792 (7th Cir. 1950), *cert. denied, Johnston* v. *McIntee,* 340 U.S. 817 (1950) ("whenever a suit ceases to exist by virtue of dismissal by the court, there remains no longer any action in which there can be intervention").

## II

Moreover, were this dismissed action still pending, American Imports would have no right to intervene in the litigation because 28 U.S.C. § 2631(j)(1)(B) provides that "in a civil action under section 516A of the Tariff Act of 1930 only an interested party *who was a party to the proceeding in connection with which the matter arose may intervene*" (emphasis added). In the instant case, "the proceeding in connection with which the matter arose" for purposes of section 2631(j)(1)(B), ended with the dismissal of the petition by Commerce. Concededly, American Imports was not a party to the administrative proceeding. See 19 CFR § 355.7(i)(4).

By contrast, the presently pending administrative proceeding in which Commerce has determined to initiate a countervailing duty investigation of toy balloons and playballs from Mexico without regard to the question of injury to the domestic industry is a new proceeding that commenced when National Latex submitted the petition on May 18, 1982. In a word, this new proceeding is currently pending. American Imports, by becoming a party to the currently pending proceeding, cannot thereby bootstrap itself into the first proceeding, to which it was not a party, and which terminated on the dismissal of the original petition. Hence, American Imports' argument that it should now be permitted to intervene because an investigation was initiated on June 1, 1982 is without merit.

## III

Further, American Imports is attempting, in effect, to use intervention as a vehicle for immediately contesting Commerce's determination to initiate a countervailing duty investigation. However, determinations by Commerce to initiate an investigation are not subject to immediate judicial review under 19 U.S.C. § 1516a.

It is clear that the dismissal of the action on June 16, 1982 will not impair or impede American Imports' ability to protect its interests, since if the current investigation results in a final affirmative determination, American Imports, if a party to the current administrative proceedings, may then challenge (pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i)) Commerce's determination not to require an

injury investigation. Accordingly, American Imports' reliance upon Rule 24(a)(2) is misplaced.[2]

Significantly, National Latex would clearly be prejudiced by a further unwarranted delay in the initiation of a countervailing duty investigation. Plaintiff's original countervailing duty petition was filed on May 14, 1981 and under section 702(c) of the Tariff Act of 1930, as amended, 19 U.S.C. 1671a(c), Commerce should have initiated its investigation by June 3, 1981. See Judge Watson's recent opinion in *Republic Steel Corp.* v. *United States,* 4 CIT 33 (1982), appeal pending. As noted, *supra,* the investigation was not commenced until nearly a year after the filing of the petition on June 1, 1982.

## IV

Finally, American Imports seeks to stay the current investigation under Rule 62(b) on the ground that the stipulation of the parties was entered into without its consent. The short answer to such request is that since American Imports was not a party to this litigation (indeed, not even an *amicus curiae),* its consent to the stipulation of dismissal was not required.

### CONCLUSION

In view of my conclusion that American Imports should not be permitted to intervene, American Imports' other motions directed to the merits are denied, without reaching the merits of the arguments presented. It also follows that the motion by Grupo to file an *amicus curiae* brief on behalf of American Imports must be denied without reaching the merits of the arguments presented.

For the foregoing reasons, it is hereby ORDERED:

1. The application of American Imports to intervene is denied.

2. The motion of American Imports to alter or amend the order of June 16, 1982, or in the alternative for relief from that order, is denied.

. 3. The application of American Imports to stay the countervailing duty investigation initiated by Commerce on June 1, 1982 (47 FR 23798) is denied.

4. The motion of Grupo for permission to file an *amicus curiae* brief on behalf of American Imports is denied.

---

[2] Rule 24(a)(2) of the rules of this Court provides: "(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action· * * * (2) when the applicant claimed and interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties".